ELIZABETH L. MCKEEN (S.B. #216690)
CATALINA VERGARA (S.B. #223775)
ASHLEY M. PAVEL (S.B. #267514)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California  92660-6429
Telephone:  (949) 823-6900
Facsimile:   (949) 823-6994

Attorneys for Defendants
Ocwen Financial Corporation and
Ocwen Loan Servicing, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WEINER, individually, and on behalf of other members of the public similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>OCWEN FINANCIAL CORPORATION, a Florida corporation, and OCWEN LOAN SERVICING, LLC, a Delaware limited liability company,<br><br>　　　　　　Defendants. | Case No. 2:14-cv-02597-MCE-DAD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date:  January 22, 2015<br>Time:  2:00 p.m.<br>Ctrm:  7<br>Judge: Hon. Morrison C. England, Jr. |

1   Defendants Ocwen Financial Corporation ("OFC") and Ocwen Loan
2 Servicing, LLC ("OLS") (collectively, "defendants") hereby request that this Court
3 take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the
4 document attached hereto as Exhibit 1.
5   Exhibit 1 is a redacted copy of plaintiff David Weiner's deed of trust, which
6 bears the stamp of the Amador County Recorder's Office reflecting that it was
7 recorded on December 17, 2003.
8   Pursuant to Federal Rule of Evidence 201, a court may take judicial notice of
9 a fact "not subject to reasonable dispute because it: (1) is generally known within
10 the trial court's territorial jurisdiction; or (2) can be accurately and readily
11 determined from sources whose accuracy cannot reasonably be questioned."  Deeds
12 of trust are proper subjects of judicial notice because they are a matter of public
13 record.  *Brashears v. Bank of Am. Home Loans*, No. CV 12-6760, 2013 WL
14 5741832, *1, n.1 (C.D. Cal. Oct. 22, 2013) (taking judicial notice of recorded deed
15 of trust); *Mashiri v. Ocwen Loan Servicing, LLC*, No. 3:12-cv-02838, 2013 WL
16 5797584, *1, n.1 (S.D. Cal. Oct. 28, 2013) (same); *Valdez v. JPMorgan Chase
17 Bank, N.A.*, No. 11-0935, 2012 WL 995278, *1 n.1 (C.D. Cal. Mar. 20, 2012)
18 (same); *Kilaita v. Wells Fargo Home Mortg.*, No. CV11-00079, 2011 WL 6153148,
19 *3 (N.D. Cal. Dec. 12, 2011) (same).
20   Moreover, the deed of trust attached hereto as Exhibit 1 is a "document
21 accompanied by a certificate of acknowledgment that is lawfully executed by a
22 notary public or another officer who is authorized to take acknowledgments" and is
23 therefore self-authenticating under Federal Rule of Evidence 902(8).  *See, e.g.*,
24 *Coward v. JPMorgan Chase Bank*, No. 2:11-cv-3378, 2013 WL 618163, *4 (E.D.
25 Cal. Feb. 19, 2013) (deed of trust was a self-authenticating acknowledged
26 document); *Pradhan v. Citibank, N.A.*, No. 10-CV-03245, 2011 WL 90235, *5, n.4
27 (N.D. Cal. Jan. 10, 2011) (same); *U.S. v. Estate of Oxarango*, No. CIV 98-0058,
28 2008 WL 5411719, *4 (D. Idaho Dec. 24, 2008) (recorded mortgages are self-

authenticating).

Dated: November 28, 2014
ELIZABETH L. MCKEEN
CATALINA J. VERGARA
ASHLEY M. PAVEL
O'MELVENY & MYERS LLP


By:   /s/ Catalina J. Vergara
           Catalina J. Vergara
Attorneys for Defendants
Ocwen Financial Corporation and
Ocwen Loan Servicing, LLC