ELIZABETH L. MCKEEN (S.B. #216690)
emckeen@omm.com
CATALINA J. VERGARA (S.B. #223775)
cvergara@omm.com
ASHLEY M. PAVEL (S.B. #267514)
apavel@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California  92660-6429
Telephone:     (949) 823-6900
Facsimile:      (949) 823-6994


Attorneys for Defendants
Ocwen Financial Corporation and
Ocwen Loan Servicing, LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WEINER, individually, and on behalf of other members of the public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN FINANCIAL CORPORATION, a Florida corporation, and OCWEN LOAN SERVICING, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 2:14-cv-02597-MCE-DAD<br><br>**DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT** |

**TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD HEREIN:**

Defendants Ocwen Financial Corporation ("OFC") and Ocwen Loan Servicing, LLC ("OLS") (collectively, "defendants"), hereby answer and otherwise respond to plaintiff David Weiner's Class Action Complaint.

Plaintiff includes headings in the Complaint that are not set forth in numbered paragraphs, and are thus not properly pleaded facts. No response to these headings is necessary. To the extent plaintiff's headings purport to state facts to which a response is required, Defendants deny each and every allegation contained therein.

## NATURE OF THE ACTION

1. Defendants deny the allegations in Paragraph 1 in their entirety and specifically deny that they have engaged in any fraudulent practices.

2. Defendants admit that Altisource was spun off from OFC in 2009. Defendants deny all remaining allegations in Paragraph 2.

3. Defendants admit that, consistent with the loan documents and applicable legal requirements, when borrowers become delinquent on their mortgage loan payments, OLS orders default services on the secured properties in order to protect the lenders' interests. Defendants further admit that, where consistent with the loan documents and applicable legal requirements, OLS assesses a fee to the borrower's account in connection with these default-related services. Defendants further admit that OLS places an order for certain of these services with Altisource. Defendants further admit that default services are conducted by third parties. Defendants admit that Altisource charges OLS for these services and, upon information and belief, the amount charged to OLS includes compensation to Altisource for its services. Defendants deny all remaining allegations in Paragraph 3 not specifically admitted herein.

4. Defendants deny the allegations in Paragraph 4 in their entirety and specifically deny that they have engaged in any fraudulent practices.

5. Defendants deny the allegations in the first sentence of Paragraph 5. As to the remainder of the allegations in Paragraph 5, defendants assert that the ruling of the United States Bankruptcy Court for the Southern District of Texas quoted in Paragraph 5, which was issued in a

1    proceeding to which defendants were not parties, speaks for itself, and defendants deny any

2    characterization inconsistent therewith.

3         6.      To the extent Paragraph 6 makes any allegations as to defendants, defendants deny

4    these allegations in their entirety.  With respect to the statements of Mark Pearce quoted in

5    Paragraph 6, defendants assert that those statements speak for themselves, and defendants deny

6    any characterization inconsistent therewith.

7         7.      Defendants deny the allegations in Paragraph 7 in their entirety.

8         8.      Because no class has been certified, defendants deny all allegations in Paragraph 8

9    to the extent they relate to a purported class.  The remainder of Paragraph 8 purports to set forth a

10   description of the relief plaintiff seeks in this action, to which no response is required.  To the

11   extent a response is required, defendants deny the remaining allegations in Paragraph 8 and

12   specifically deny that defendants have engaged in any wrongdoing or unlawful conduct, and

13   further deny that plaintiff is entitled to the relief he seeks in this action.

14                          **JURISDICTION AND VENUE**

15        9.      Paragraph 9 states legal conclusions to which no response is required.  To the

16   extent a response is required, defendants deny the allegations in Paragraph 9 regarding the

17   "Class" because no class has been certified.  Defendants admit that the amount in controversy in

18   this action exceeds $5,000,000.00.  Defendants deny that the requirements for class certification

19   under Rule 23 (or any other rule) can be met in this case, and further deny that plaintiff or any

20   putative class members have suffered any injuries as a result of any alleged conduct by

21   defendants.  Defendants lack information or belief sufficient to answer the remaining allegations

22   of Paragraph 9 and on that ground deny the allegations.

23        10.     Paragraph 10 states legal conclusions to which no response is required.

24        11.     Paragraph 11 states legal conclusions to which no response is required.  To the

25   extent a response is required, defendants admit that venue is proper in the United States District

26   Court for the Eastern District of California.

27

28

                                          DEFENDANTS' ANSWER TO CLASS
                                          ACTION COMPLAINT  2:14-CV-02597

## NATURE OF THE ACTION

12.     Paragraph 12 states no factual allegations as to defendants and therefore no response is required.  To the extent a response is required, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis deny them.

13.     Defendants admit the facts stated in Paragraph 13.

14.     Defendants admit the allegations of Paragraph 14.

15.     Paragraph 15 purports to explain the allegations plaintiff makes throughout the Complaint and states no factual allegations as to defendants, and therefore no response is required.  To the extent a response is required, defendants deny the allegations of Paragraph 15 and specifically deny that they are engaged in an "enterprise."

16.     Paragraph 16 states legal conclusions to which no response is required.  To the extent that a response is required, defendants deny the allegations in Paragraph 16.

17.     Defendants deny the allegations in Paragraph 17 and specifically deny that they have engaged in any "fraudulent scheme."

## FACTUAL BACKGROUND

18.     Defendants deny the allegations in Paragraph 18 in their entirety.

19.     Paragraph 19 states no factual allegations as to defendants and therefore no response is required.  To the extent a response is required, defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 19, and on that basis deny them.

20.     Paragraph 20 states no factual allegations as to defendants and therefore no response is required.  To the extent a response is required, defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 20, and on that basis deny them.

21.     Paragraph 21 states no factual allegations as to defendants and therefore no response is required.  To the extent a response is required, defendants are without sufficient

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT  2:14-CV-02597

1   information or belief to admit or deny the allegations in Paragraph 21, and on that basis deny

2   them.

3         22.      Paragraph 22 states no factual allegations as to defendants and therefore no

4   response is required.  To the extent a response is required, defendants are without sufficient

5   information or belief to admit or deny the allegations in Paragraph 22, and on that basis deny

6   them.

7         23.      Defendants admit that OLS services mortgage loans in accordance with its

8   agreements with investors and that, in its capacity as a loan servicer, it assesses fees for default-

9   related services to borrowers' accounts consistent with the terms of the governing loan

10  documents, investor agreements, and applicable legal requirements.

11        24.      Paragraph 24 states no factual allegations as to defendants and therefore no

12  response is required.  To the extent a response is required, defendants deny the allegations in

13  Paragraph 24.  With respect to the statements of Adam Levitin quoted in Paragraph 24,

14  defendants assert that the statements speak for themselves, and defendants deny any

15  characterization inconsistent therewith.

16        25.      Paragraph 25 states no factual allegations as to defendants and therefore no

17  response is required.  To the extent a response is required, defendants assert that the statement of

18  Sarah Bloom Raskin quoted in Paragraph 25 speaks for itself, and defendants deny any

19  characterization inconsistent therewith.

20        26.      Defendants admit that OLS services residential mortgage loans.  With respect to

21  the Reuters article quoted in Paragraph 26, defendants assert that the article speaks for itself, and

22  defendants deny any characterization inconsistent therewith.  Defendants deny the remaining

23  allegations in Paragraph 26.

24        27.      Defendants admit that OLS services residential mortgage loans, including, but not

25  limited to, non-prime loans.  Defendants lack knowledge or information sufficient to form a belief

26  as to allegations pertaining to "larger banks," and on that basis deny them.  Defendants deny the

27  remaining allegations in Paragraph 27.

28

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT  2:14-CV-02597

28.     Defendants assert that OFC's 2013 Form 10-K speaks for itself, and defendants deny any characterization inconsistent therewith.

29.     Defendants assert that OFC's 2013 Form 10-K speaks for itself, and defendants deny any characterization inconsistent therewith.

30.     Defendants admit that OFC's revenue, as reported in its 2014 10-K form, was $360,381,000 in 2010 and $2,038,273,000 in 2013.  Defendants deny the remaining allegations in Paragraph 30.

31.     Defendants lack sufficient information to admit or deny the allegations in the first sentence of paragraph 31, and on that basis deny them.  Defendants admit the allegations in the second and third sentences of Paragraph 31.

32.     Defendants lack sufficient information to admit or deny whether Benjamin Lawsky made the statements attributed to him in Paragraph 32, and on that basis deny the allegations in Paragraph 32.

33.     Defendants deny the allegations in Paragraph 33 in their entirety.

34.     Defendants deny the allegations in Paragraph 34 in their entirety and specifically deny that they have engaged in any fraudulent practices.

35.     Defendants admit that OLS uses proprietary software to facilitate its servicing of mortgage loans in accordance with the loan documents, applicable legal and investor requirements, and OLS's policies and procedures.  Defendants deny the remaining allegations in Paragraph 35.

36.     Defendants admit the allegations in Paragraph 36.

37.     Defendants admit the allegations in the first sentence of Paragraph 37.  Defendants admit that William C. Erbey is the Executive Chairman of the Board of OFC and admit that, as of December 31, 2013, William C. Erbey owned or controlled approximately 13% of the common shares in OFC.  Defendants admit that William C. Erbey became Altisource's non-executive Chairman of the Board.  Defendants deny the remaining allegations in Paragraph 37 except as specifically admitted.

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT  2:14-CV-02597

38.     Paragraph 38 states no factual allegations as to defendants and therefore no response is required.  To the extent a response is required, defendants admit that as of June 30, 2014, William C. Erbey owned or controlled approximately 27% of the common shares of Altisource.  Defendants admit that Altisource's 2012 Form 10-K, which speaks for itself, lists Mr. Erbey as one among multiple "directors, executives or key personnel," the loss of whose services "could have a material adverse effect upon [Altisource's] business, operating results and financial condition."  As to any remaining allegations in Paragraph 38, defendants lack sufficient information to form a belief as to the truth of those allegations, and on that basis deny them.

39.     Defendants assert that Altisource Portfolio Solutions S.A.'s 2012 Form 10-K speaks for itself, and defendants deny any characterization inconsistent therewith.  Defendants deny all remaining allegations in Paragraph 39.

40.     Defendants assert that the February 26, 2014, letter quoted in Paragraph 40 speaks for itself, and defendants deny any characterization inconsistent therewith.

41.     Defendants assert that the February 26, 2014, letter quoted in Paragraph 41 speaks for itself, and defendants deny any characterization inconsistent therewith.

42.     Defendants assert that the February 26, 2014, letter quoted in Paragraph 42 speaks for itself, and defendants deny any characterization inconsistent therewith.

43.     Defendants assert that the February 26, 2014, letter quoted in Paragraph 43 speaks for itself, and defendants deny any characterization inconsistent therewith.

44.     Defendants admit that OFC and Altisource Solutions S.à.r.l. are parties to a Services Agreement, the term of which continues until August 31, 2025.  Defendants further admit that Altisource Portfolio Solutions S.A.'s 2012 10-K form, which speaks for itself, states that "Ocwen accounted for 60% of our total revenue in 2012."  Defendants deny the remaining allegations in Paragraph 44 except as specifically admitted.

45.     Defendants assert that the April 21, 2014, letter quoted in Paragraph 45 speaks for itself, and defendants deny any characterization inconsistent therewith.

46.     Defendants assert that the August 4, 2014, letter quoted in Paragraph 46 speaks for itself, and defendants deny any characterization inconsistent therewith.

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT  2:14-CV-02597

47.    Defendants assert that the August 4, 2014, letter quoted in Paragraph 47 speaks for itself, and defendants deny any characterization inconsistent therewith.

48.    Defendants assert that OFC's form 10-Q filed August 18, 2014, speaks for itself, and defendants deny any characterization inconsistent therewith.

49.    Defendants deny the allegations in Paragraph 49 in their entirety.

50.    Defendants deny the allegations in Paragraph 50 in their entirety.

51.    Defendants deny the allegations in Paragraph 51 in their entirety.

52.    Defendants admit that, consistent with the loan documents and applicable legal requirements, OLS orders certain services in connection with properties securing loans serviced by OLS that are in default.  Defendants further admit that OLS places an order for certain of these default-related services with Altisource, who, upon information and belief, contracts with a vendor to perform the service.  Defendants admit that Altisource charges OLS for these services and, upon information and belief, the amount charged to OLS includes compensation to Altisource for its services.  Defendants further admit that the amount billed by Altisource to OLS is the amount OLS assesses to borrowers' accounts.  Defendants deny the remaining allegations in Paragraph 52.

53.    Defendants deny the allegations in Paragraph 53 in their entirety.

54.    The first sentence of Paragraph 54 state no factual allegations as to defendants and thus no response is required.  To the extent a response is required, defendants admit that in many instances the mortgage agreement consists of a promissory note and a mortgage or deed of trust, but defendants deny that this is true of all mortgage contracts.  Defendants deny the allegation in the second sentence of Paragraph 54.  Regarding the third sentence of Paragraph 54, defendants assert that the Fannie Mae/Freddie Mac uniform instruments speak for themselves, and defendants deny any characterization inconsistent therewith.

55.    Paragraph 55 does not identify the "Deed of Trust" quoted in the paragraph, and defendants therefore lack sufficient information to admit or deny the allegations in Paragraph 55, and on that basis deny them.  To the extent the unidentified "Deed of Trust" refers to a particular

1   agreement, defendants assert that such agreement speaks for itself, and defendants deny any

2   characterization inconsistent therewith.

3       56.     Paragraph 56 does not identify the "Deed of Trust" quoted in the paragraph, and

4   defendants therefore lack sufficient information to admit or deny the allegations in Paragraph 56,

5   and on that basis deny them.  To the extent the unidentified "Deed of Trust" refers to a particular

6   agreement, defendants assert that the agreement speaks for itself, and defendants deny any

7   characterization inconsistent therewith.

8       57.     Paragraph 57 does not identify the "Note" quoted in the paragraph, and defendants

9   therefore lack sufficient information to admit or deny the allegations in Paragraph 57, and on that

10  basis deny them.  To the extent the unidentified "Note" refers to a particular debt instrument,

11  defendants assert that such document speaks for itself, and defendants deny any characterization

12  inconsistent therewith.

13      58.     The first two sentences in Paragraph 58 state a legal conclusion to which no

14  response is required.  To the extent a response is required, Paragraph 58 does not identify the

15  "mortgage contract" quoted in the paragraph, and defendants therefore lack sufficient information

16  to admit or deny the allegations in Paragraph 58, and on that basis deny them.  To the extent the

17  unidentified "mortgage contract" refers to a particular debt instrument, defendants assert that such

18  document speaks for itself, and defendants deny any characterization inconsistent therewith.

19  Defendants deny the allegations in the last sentence of Paragraph 58.

20      59.     Defendants admit that, consistent with the loan documents and applicable legal

21  requirements, OLS orders BPOs in connection with certain properties securing loans serviced by

22  OLS that are in default.  Defendants further admit that, consistent with the loan documents and

23  applicable legal requirements, fees for such BPOs may be assessed to the borrower's account.

24  Defendants deny the remaining allegations in Paragraph 59, and specifically deny that defendants

25  are engaged in the conduct of an "enterprise."

26      60.     Defendants deny the allegations in Paragraph 60 in their entirety.

27      61.     Defendants assert that the statements published by Fannie Mae and the National

28  Association of BPO professionals referenced in Paragraph 61 speak for themselves, and

- 8 -

defendants deny any characterization inconsistent therewith.  Defendants admit that OLS assessed BPO fees to plaintiff's account on or around September 4, 2013, in the amount of $109, and on or around February 27, 2014, in the amount of $100.  Defendants deny all remaining allegations in Paragraph 61 not specifically admitted.

62.     Defendants deny the allegations in Paragraph 62 in their entirety.

63.     Defendants admit that OLS, where consistent with the loan documents, investor guidelines, and applicable legal requirements, orders BPOs in connection with properties securing the loans it services.  The second sentence of Paragraph 63 states no factual allegations as to defendants and therefore no response is required.  To the extent a response is required, defendants admit that Ocwen Federal Bank, FSB, is a former wholly owned subsidiary of Ocwen Financial Corporation, and that Ocwen Federal Bank resold BPOs.

64.     Defendants admit that Ocwen Financial Corporation was a defendant in the proceeding styled as *Cartel Asset Management v. Ocwen Financial Corp.*, Case No. 1:01-cv-01644-REB-CBS (D. Colo.), and that plaintiff in that proceeding asserted a claim for misappropriation of trade secrets.  The proceedings in *Cartel*, which do not involve any of the issues in this litigation, speak for themselves, and defendants deny any characterization inconsistent therewith.  Defendants deny the remaining allegations in Paragraph 64 except as specifically admitted.

65.     Defendants assert that the proceedings in *Cartel*, which do not involve any of the issues in this action, speak for themselves, and defendants deny any characterization inconsistent therewith.  Defendants admit that effective July 1, 2005, Ocwen Federal Bank FSB voluntarily closed and liquated its assets immediately after transferring its mortgage servicing business to Ocwen Loan Servicing, LLC.  Defendants further admit that Altisource was spun off from OFC effective August 10, 2009.  Defendants are without sufficient information or belief to admit or deny the allegations in the last sentence of Paragraph 65, and on that basis deny them. Defendants deny the remaining allegations in Paragraph 65 except as expressly admitted.

66.     Paragraph 66 states no factual allegations as to defendants, and thus no response is required.  To the extent a response is required, defendants assert that William C. Erbey's

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT  2:14-CV-02597

testimony in *Cartel* speaks for itself, and defendants deny any characterization inconsistent therewith.

67.     Defendants deny the allegations in Paragraph 67 in their entirety.

68.     Defendants admit that, when it is consistent with the loan documents, investor guidelines, and applicable legal requirements, OLS assesses fees for examinations of the title to the property securing a loan, which examination in some cases also includes a title insurance policy.  Defendants admit that these fees may be designated as "Title Search" or "Title Report" fees, or other similar designations, on monthly statements.  Defendants deny that all title examinations/insurance policies are ordered through Altisource.  Defendants deny the remaining allegations in Paragraph 68 except as expressly admitted.

69.     Defendants admit that on or around June 7, 2014, OLS assessed an $829 fee for a Trustee's Sale Guarantee, which includes both a title examination and an insurance policy, performed in connection with plaintiff's property.  Defendants deny the remaining allegations in Paragraph 69 in their entirety.

70.     Defendants deny the allegations in Paragraph 70 in their entirety.

71.     Defendants deny the allegations in Paragraph 71 in their entirety.

72.     Defendants admit that OLS receives income from late fees that are paid by borrowers.  Defendants deny the remaining allegations in Paragraph 72 in their entirety.

73.     Defendants deny the allegations in Paragraph 73 in their entirety.

74.     Defendants admit that, in some cases, borrowers who incur late fees later incur additional late fees and fees for default-related services.  Defendants deny the remaining allegations in Paragraph 74 in their entirety.

75.     Defendants deny the allegations in Paragraph 75 in their entirety.

76.     Paragraph 76 does not identify the specific "Deed of Trust" quoted in the paragraph, and defendants therefore lack sufficient information to admit or deny the allegations in Paragraph 76, and on that basis deny them.  To the extent the unidentified "Deed of Trust" refers to a particular agreement, defendants assert that the Fannie Mae uniform deeds of trust speak for themselves, and defendants deny any characterization inconsistent therewith.

77.     Defendants deny the allegations in Paragraph 77 in their entirety.

78.     Paragraph 78 states no factual allegations as to defendants, and thus no response is required.  To the extent a response is required, defendants admit that, to protect the lender's interest in the secured property and where consistent with the loan documents and applicable legal requirements, OLS applies a portion of a borrower's monthly payment to an escrow account maintained by OLS for the payment of certain charges, particularly property taxes and insurance premiums.  Defendants deny the remaining allegations in Paragraph 78 in their entirety.

79.     Defendants deny the allegations in Paragraph 79 in their entirety.

80.     Defendants deny the allegations in Paragraph 80 in their entirety.

81.     Defendants admit that plaintiff's making principal-and-interest-only payments rather than full monthly payments due under his mortgage contract caused his loan to become delinquent.  Defendants deny the remaining allegations in Paragraph 81 in their entirety.

82.     Defendants admit that, where consistent with the loan documents, investor guidelines, and applicable legal requirements, OLS will retain surplus escrow funds in the escrow account until such time as the borrower becomes current on his or her loan obligation. Defendants deny any remaining allegations in Paragraph 82 in their entirety.

83.     Defendants admit that OLS refunds surplus funds in an escrow account to the borrower where consistent with the terms of the loan documents and applicable legal requirements.  Defendants deny the remaining allegations in Paragraph 83 in their entirety.

84.     Defendants deny the allegations in Paragraph 84 in their entirety.

85.     Defendants deny the allegations in Paragraph 85 in their entirety.

86.     Defendants admit that, in some cases, borrowers incur fees for default-related services, the sum of which may exceed $1,000.  Defendants deny the remaining allegations in Paragraph 86 in their entirety.

87.     Defendants admit that, in accordance with the loan documents and applicable legal and investor requirements, defendants order and assess fees for default-related services to borrowers' accounts.  Defendants assert that the application of payments to particular amounts is

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT  2:14-CV-02597

governed by the borrower's loan documents.  Defendants deny the remaining allegations in Paragraph 87.

88.     Defendants deny the allegations in Paragraph 88 in their entirety.

89.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89.

90.     Defendants assert that plaintiff's mortgage and deed of trust speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 90, and on that basis deny them.

91.     Defendants admit that OLS began servicing plaintiff's loan in or around July 2013, and that plaintiff's loan had been previously serviced by GMAC.  Defendants deny the remaining allegations in Paragraph 91 in their entirety.

92.     Defendants admit that OLS's business records reflect that in 2010, GMAC advanced past-due property-tax payments on plaintiff's behalf and, consistent with the loan documents, GMAC opened an escrow account from which future tax payments would be made on plaintiff's behalf.  Defendants further admit that OLS's business records reflect that, when plaintiff submitted partial payments that were insufficient to fund the escrow, GMAC, and later OLS, consistent with the loan documents, investor guidelines, and applicable legal requirements, held the partial payments in a suspense account until such time as a full contractual monthly payment, including principal, interest, and escrow amounts due, could be credited to plaintiff's account.  Defendants deny the remaining allegations in Paragraph 92 in their entirety and specifically deny that OLS misapplied plaintiff's partial payments.

93.     Defendants deny the allegations in the first and second sentences of Paragraph 93. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93, and on that basis deny them.

94.     Defendants deny that OLS or GMAC agreed to waive plaintiff's obligation to pay amounts to be held in escrow for the payment of property taxes.  Defendants admit that, notwithstanding plaintiff's contractual obligation to fund an escrow account from which tax payments would be advanced on his behalf, plaintiff directly paid amounts owing for property

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT  2:14-CV-02597

1   taxes.  Defendants admit that OLS's business records do not reflect any breach of plaintiff's

2   obligation to insure the property.  Defendants deny the remaining allegations in Paragraph 94 in

3   their entirety.

4          95.    Defendants deny the allegations in the first sentence of Paragraph 95.  Defendants

5   admit that OLS, consistent with the loan documents, investor guidelines, and applicable legal

6   guidelines, held partial payments received from plaintiff in a suspense account until such time as

7   a full contractual monthly payment, including principal, interest, and escrow amounts due, could

8   be credited to plaintiff's account.  Defendants further admit that, because plaintiff,

9   notwithstanding his contractual obligation to fund the escrow from which tax payments were to

10  be made on plaintiff's behalf, directly paid amounts owing for property taxes, OLS has not made

11  any property-tax payments from the escrow account.  Defendants admit that plaintiff's escrow

12  account has a positive balance of more than $10,000, the majority of which accrued before OLS

13  began servicing his loan.  Defendants further admit that, consistent with the loan documents,

14  investor guidelines, and applicable legal requirements, OLS has rejected partial payments

15  submitted by plaintiff as insufficient to cure the delinquency under the mortgage loan.

16  Defendants deny the remaining allegations in Paragraph 95, except as specifically admitted.

17         96.    Defendants deny the allegations in Paragraph 96 in their entirety.

18         97.    Defendants deny the allegations in Paragraph 97 in their entirety.

19         98.    Defendants deny that plaintiff's payments were not applied correctly to his loan

20  account.  Defendants lack knowledge or information sufficient to form a belief as to the truth of

21  any remaining allegations in Paragraph 98, and on that basis deny them.

22         99.    Defendants admit that, consistent with the loan documents, investor guidelines,

23  and applicable legal requirements, OLS has not released the surplus funds in plaintiff's escrow

24  account because plaintiff is delinquent on his loan obligation.  Defendants deny the remaining

25  allegations in Paragraph 99 in their entirety, and specifically deny the allegation that OLS forced

26  plaintiff's loan into default.

27         100.   Defendants deny the allegations in Paragraph 100 in their entirety.

28         101.   Defendants admit the facts alleged in Paragraph 101.

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT  2:14-CV-02597

102.    Defendants admit that, consistent with the loan documents, investor guidelines, and applicable legal requirements, OLS assessed fees for default-related services to plaintiff's account.  Defendants deny the remaining allegations in Paragraph 102.

103.    Defendants admit that, on or around June 9, 2014, OLS assessed a fee in the amount of $829 for a Trustee's Sale Guarantee, which includes both a title search and an insurance policy, performed in connection with plaintiff's property.  Defendants deny the allegations in Paragraph 103, except as specifically admitted.

104.    Defendants admit the allegation in the first sentence of paragraph 104 that OLS maintains an accounting of all fees assessed and paid in connection with plaintiff's account. Defendants lack knowledge or information sufficient to form a belief as the truth of the remaining allegations in the first sentence of paragraph 104, and on that basis deny them.  Defendants deny the allegations in the second sentence of Paragraph 104.  Defendants deny the allegations in Paragraph 104, except as specifically admitted.

**STATUTE OF LIMITATIONS**

105.    Defendants deny the allegations in Paragraph 105 in their entirety.  Defendants further deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.

106.    The first sentence of Paragraph 106 states a legal conclusion to which no response is required.  Defendants deny the second sentence of Paragraph 106 in its entirety.  Because there is no class certified, defendants further deny all allegations in Paragraph 106 to the extent they relate to purported "members of the Class."  Defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Defendants deny all remaining allegations of Paragraph 106.

107.    Paragraph 107 states a legal conclusion to which no response is required.  To the extent a response is required, defendants deny the allegations in Paragraph 107.  Defendants further specifically deny that they fraudulently concealed material facts.  Because there is no class certified, defendants deny all allegations in Paragraph 107 to the extent they relate to purported

"members of the Class."  Defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.

108.    Paragraph 108 states no factual allegations as to defendants, and thus no response is required.  To the extent a response is required, defendants deny the allegations in Paragraph 108.

109.    Paragraph 109 states no factual allegations as to defendants, and thus no response is required.  To the extent a response is required, defendants assert that the ruling of the United States Bankruptcy Court for the Eastern District of Louisiana, which was issued in a proceeding to which defendants were not parties, speaks for itself, and defendants deny any characterization inconsistent therewith.  To the extent Paragraph 109 may be construed as including any allegations against defendants, defendants deny the allegations in Paragraph 109.

## CLASS ACTION ALLEGATIONS

110.    Defendants admit that plaintiff purports to seek certification of a class action. Defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Defendants deny any remaining allegations in Paragraph 110.

111.    Paragraph 111 purports to set forth a description of a putative class plaintiff seeks to certify, and thus no response is required.  To the extent a response is required, defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Defendants deny any remaining allegations in Paragraph 111.

112.    Paragraph 112 states no factual allegations as to defendants and thus no response is required.  To the extent a response is required, defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Defendants deny any remaining allegations in Paragraph 112.

113.    Paragraph 113 states no factual allegations as to defendants and thus no response is required.  To the extent a response is required, defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Defendants deny any remaining allegations in Paragraph 113.

114.    Paragraph 114 states legal conclusions to which no response is required.  To the extent a response is required, defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Because no class has been certified, defendants further deny all allegations in Paragraph 114 to the extent that they relate to a purported class.  Defendants deny any remaining allegations in Paragraph 114.

115.    Paragraph 115 states legal conclusions to which no response is required.  To the extent a response is required, defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Because no class has been certified, defendants further deny all allegations in Paragraph 115 to the extent they relate to a purported class.  Defendants deny any remaining allegations in Paragraph 115.

116.    Because there is no class certified, defendants deny all allegations in Paragraph 116 to the extent they relate to purported "members of the Class" or a purported class "notice."  Defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Defendants deny any remaining allegations in Paragraph 116.

117.    Paragraph 117 states legal conclusions to which no response is required.  To the extent a response is required, defendants deny that plaintiff's claims are "typical" of those of other putative class members, and deny that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule.  Because no class has been certified, defendants further deny all allegations in Paragraph 117 to the extent they relate to a purported class.  Defendants deny the remaining allegations in Paragraph 117.

118.    Paragraph 118 states legal conclusions to which no response is required.  To the extent a response is required, defendants deny that plaintiff will "fairly and adequately represent and protect the interests of" the putative class, and deny that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule.  Because no class has been certified, defendants further deny all allegations in Paragraph 118 to the extent they relate to a purported class.  Defendants deny the remaining allegations in Paragraph 118.

- 16 -

119.    Paragraph 119 states legal conclusions to which no response is required.  To the extent a response is required, defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Because no class has been certified, defendants further deny all allegations in Paragraph 119 to the extent they relate to a purported class.  Defendants deny any remaining allegations in Paragraph 119.

120.    Paragraph 120 states legal conclusions as to which no response is required.  To the extent a response is required, defendants deny that "common questions of fact" exist as to the members of the putative class, and deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Because no class has been certified, defendants further deny all allegations in Paragraph 120 to the extent they relate to a purported class.  Defendants deny any remaining allegations in Paragraph 120.

121.    Paragraph 121 states legal conclusions as to which no response is required.  To the extent a response is required, defendants deny that "[c]ommon questions of law and fact exist as to" the members of the putative class, and deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Because no class has been certified, defendants further deny all allegations in Paragraph 121 to the extent they relate to a purported class.  Defendants deny any remaining allegations in Paragraph 121.

122.    Paragraph 122 states legal conclusions to which no response is required.  To the extent a response is required, defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Because no class has been certified, defendants further deny all allegations in Paragraph 122 to the extent they relate to a purported class.  Defendants deny any remaining allegations in Paragraph 122.

123.    Paragraph 123 states no factual allegations as to plaintiff and thus no response is required.  To the extent a response is required, defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Defendants are without sufficient information or belief to admit or deny the remaining allegations in Paragraph 123, and on that basis deny them.

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT  2:14-CV-02597

1

**FIRST CAUSE OF ACTION**

2

**BROUGHT ON BEHALF OF THE CALIFORNIA SUBCLASS**
**Violation of California's Unfair Competition Law**
**(California Business & Professions Code §§ 17200 *et seq.*)**

3

4       124.    Defendants incorporate each of the foregoing answering paragraphs as though

5  fully set forth herein.

6       125.    Defendants admit that plaintiff purports to bring this cause of action on behalf of a

7  putative class.  Defendants deny that the requirements for class certification under Fed. R. Civ. P.

8  23 (or any other Rule) can be satisfied in this case.  Defendants deny any remaining allegations in

9  Paragraph 125.

10      126.    The first sentence of Paragraph 126 states legal conclusions to which no response

11 is required.  To the extent a response is required, defendants refer to Cal. Bus. & Prof. Code

12 §§ 17200 *et seq.*, and deny any characterization of law inconsistent therewith.  Defendants deny

13 all remaining allegations in Paragraph 126.

14      127.    Defendants deny the first sentence of Paragraph 127.  Defendants are without

15 sufficient information or belief to admit or deny the allegations in the second sentence of

16 Paragraph 127, and on that basis deny them.  Because there is no subclass certified, defendants

17 deny all allegations in Paragraph 127 to the extent they relate to a purported "California

18 Subclass."

19      128.    Defendants deny the allegations in Paragraph 128 in their entirety.

20      129.    Defendants deny the allegations in Paragraph 129 in their entirety.

21      130.    Defendants deny the allegations in Paragraph 130 in their entirety.

22      131.    Defendants deny the allegations in Paragraph 131 in their entirety.

23      132.    Paragraph 132 states legal conclusions to which no response is required.  To the

24 extent a response is required, defendants deny the allegations in Paragraph 132.

25      133.    The first sentence of Paragraph 133 states legal conclusions to which no response

26 is required.  To the extent a response is required, defendants refer to Cal. Bus. & Prof. Code

27 § 17200 and deny any characterization of law inconsistent therewith.  Defendants deny all

28

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT  2:14-CV-02597

1    remaining allegations in Paragraph 133.  Because there is no subclass certified, defendants deny

2    all allegations in Paragraph 133 to the extent they relate to a purported "California Subclass."

3          134.    Defendants deny the allegations in Paragraph 134 in their entirety.  Defendants

4    lack information or belief sufficient to answer the allegations regarding plaintiff's alleged state of

5    mind and on that ground deny the allegations.  Because there is no subclass certified, defendants

6    deny all allegations in Paragraph 134 to the extent they relate to a purported "California

7    Subclass."

8          135.    Defendants deny the allegations in Paragraph 135 in their entirety.  Because there

9    is no subclass certified, defendants deny all allegations in Paragraph 135 to the extent they relate

10   to a purported "California Subclass."

11         136.    Defendants deny the allegations in Paragraph 136 in their entirety.  Because there

12   is no subclass certified, defendants deny all allegations in Paragraph 136 to the extent they relate

13   to a purported "California Subclass."

14         137.    Defendants admit that plaintiff purports to seek the relief stated in Paragraph 137.

15   Because there is no subclass certified, defendants deny all allegations in Paragraph 137 to the

16   extent they relate to a purported "California Subclass" and deny any remaining allegations in

17   Paragraph 137.  Defendants deny that plaintiff is entitled to any relief.

18   <u>**SECOND CAUSE OF ACTION**</u>

19   **Violations of the Racketeer Influenced and Corrupt Organizations Act**
     **(18 U.S.C. § 1962(c))**

20

21         138.    Defendants incorporate each of the foregoing answering paragraphs as though

22   fully set forth herein.

23         139.    Defendants admit that plaintiff purports to bring this cause of action on behalf of a

24   putative class.  Defendants deny that the requirements for class certification under Fed. R. Civ. P.

25   23 (or any other Rule) can be satisfied in this case.  Defendants deny any remaining allegations in

26   Paragraph 139.

27

28

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT  2:14-CV-02597

**THE ENTERPRISE**

140.     Paragraph 140 states a legal conclusion to which no response is required.  To the extent a response is required, defendants refer to 18 U.S.C. § 1961(3) and deny any characterization of law inconsistent therewith.

141.     Defendants deny the allegations in Paragraph 141 in their entirety.

142.     Defendants deny the allegations in Paragraph 142 in their entirety.

143.     Defendants admit that, consistent with the loan documents, OLS orders default services of certain properties securing loans serviced by OLS, and that OLS places an order for certain of those default services with Altisource, who, upon information and belief, contracts with a vendor to perform the default service.  Defendants admit that there are agreements between Defendants and Altisource, and between Altisource and the vendors that perform default services. Defendants deny the remaining allegations in Paragraph 143.

144.     Defendants deny the allegations in Paragraph 144 in their entirety.

145.     Defendants deny the allegations in Paragraph 145 in their entirety.

146.     Defendants deny the allegations in Paragraph 146 in their entirety.

**THE PREDICATE ACTS**

147.     Defendants deny the allegations in Paragraph 147 in their entirety.

148.     Defendants deny the allegations in Paragraph 148 in their entirety.

149.     Defendants deny the allegations in Paragraph 149 in their entirety.

150.     Defendants deny the allegations in Paragraph 150 in their entirety.

151.     Defendants deny the allegations in Paragraph 151 in their entirety.

152.     Defendants deny the allegations in Paragraph 152 in their entirety.

153.     Defendants deny the allegations in Paragraph 153 in their entirety.  Because there is no class certified, defendants further deny all allegations in Paragraph 153 to the extent they relate to purported "members of the Class."  Defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.

154.     Defendants deny the allegations in Paragraph 154 in their entirety.

155.     Defendants deny the allegations in Paragraph 155 in their entirety.

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT  2:14-CV-02597

1        156.    Defendants deny the allegations in Paragraph 156 in their entirety.

2        157.    Defendants deny the allegations in Paragraph 157 in their entirety.

3        158.    Defendants deny the allegations in Paragraph 158 in their entirety.  Because there
is no class certified, defendants deny all allegations in Paragraph 158 to the extent they relate to
purported "members of the Class."  Defendants deny that the requirements for class certification
under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.

7        159.    Defendants deny the allegations in Paragraph 159 in their entirety.

8        160.    Defendants deny the allegations in Paragraph 160 in their entirety.

9        161.    Defendants deny the allegations in Paragraph 161 in their entirety.  Because there
is no class certified, defendants further deny all allegations in Paragraph 161 to the extent they
relate to purported "members of the Class."  Defendants deny that the requirements for class
certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Defendants
deny that plaintiff is entitled to any relief.

## THIRD CAUSE OF ACTION

**Violation of the Racketeer Influenced and Corrupt Organizations Act, Conspiracy to
Violation Title 18 United States Code section 1962(c)
(18 U.S.C. §(d))**

162.    Defendants incorporate each of the foregoing answering paragraphs as though
fully set forth herein.

163.    Defendants admit that plaintiff purports to bring this cause of action on behalf of a
putative class.  Defendants deny that the requirements for class certification under Fed. R. Civ. P.
23 (or any other Rule) can be satisfied in this case.  Defendants deny any remaining allegations in
Paragraph 163.

164.    Defendants deny the allegations in Paragraph 164 in their entirety.

165.    Defendants deny the allegations in Paragraph 165 in their entirety.

166.    Defendants deny the allegations in Paragraph 166 in their entirety.  Because there
is no class certified, defendants further deny all allegations in Paragraph 166 to the extent they
relate to purported "members of the Class."  Defendants deny that the requirements for class
certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT  2:14-CV-02597

**FOURTH CAUSE OF ACTION**

**BROUGHT ON BEHALF OF THE CALIFORNIA SUBCLASS**
**Violations of the Rosenthal Fair Debt Collection Practices Act**
**(California Civil Code §§ 1788, _et seq._)**

167.    Defendants incorporate each of the foregoing answering paragraphs as though fully set forth herein.

168.    Defendants refer to California Civil Code § 1788.2(c) and deny any characterization of law inconsistent therewith.  Because there is no subclass certified, defendants deny all allegations in Paragraph 168 to the extent they relate to a purported "California Subclass."  Defendants deny any remaining allegations in Paragraph 168.

169.    Defendants refer to California Civil Code § 1788.2(d) and deny any characterization of law inconsistent therewith.  Because there is no subclass certified, defendants deny all allegations in Paragraph 169 to the extent they relate to a purported "California Subclass."  Defendants deny any remaining allegations in Paragraph 169.

170.    Defendants deny the allegations in Paragraph 170 in their entirety.

171.    Paragraph 171 states a legal conclusion to which no response is required.

172.    Defendants deny the allegations of Paragraph 172 in their entirety.

173.    Defendants deny the allegations of Paragraph 173 in their entirety.  Because there is no subclass certified, defendants specifically deny all allegations in Paragraph 173 to the extent they relate to a purported "California Subclass."  Defendants specifically deny that plaintiff is entitled to relief.

174.    Defendants deny the allegations in Paragraph 174 in their entirety.  Because there is no subclass certified, defendants specifically deny all allegations in Paragraph 174 to the extent they relate to a purported "California Subclass."  Defendants specifically deny that plaintiff is entitled to relief.

**FIFTH CAUSE OF ACTION**

**Unjust Enrichment**

175.    Defendants incorporate each of the foregoing answering paragraphs as though fully set forth herein.

1   176.   Defendants admit that plaintiff purports to bring this cause of action on behalf of a

2   putative class.  Defendants deny that the requirements for class certification under Fed. R. Civ. P.

3   23 (or any other Rule) can be satisfied in this case.  Defendants deny any remaining allegations in

4   Paragraph 176.

5   177.   Defendants deny the allegations of Paragraph 177 in their entirety.  Because there

6   is no subclass certified, defendants specifically deny all allegations in Paragraph 177 to the extent

7   they relate to purported "members of the Class."

8   178.   Paragraph 178 does not identify the mortgage contract referred to in

9   Paragraph 178, and defendants therefore lack sufficient information to admit or deny the

10   allegations in Paragraph 178, and on that basis deny them.  Defendants further deny that they

11   mark up the cost of default-related services to make a profit.  Because there is no subclass

12   certified, defendants specifically deny all allegations in Paragraph 178 to the extent they relate to

13   purported "members of the Class."  Defendants deny any remaining allegations in Paragraph 178.

14   179.   Defendants deny the allegations of Paragraph 179 in their entirety.

15   180.   Defendants deny the allegations of Paragraph 180 in their entirety.

16   181.   Defendants deny the allegations of Paragraph 181 in their entirety.  Because there

17   is no class certified, defendants specifically deny all allegations in Paragraph 181 to the extent

18   they relate to purported "members of the Class."

19   182.   Defendants deny the allegation of Paragraph 182 in their entirety.

20   183.   Defendants admit that plaintiff purports to seek the relief stated in Paragraph 183.

21   Because there is no class certified, defendants specifically deny all allegations in Paragraph 183

22   to the extent they relate to purported "members of the Class."  Defendants deny that plaintiff is

23   entitled to any relief.

24   **SIXTH CAUSE OF ACTION**

25   **Fraud**

26   184.   Defendants incorporate each of the foregoing answering paragraphs as though

27   fully set forth herein.

28

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT  2:14-CV-02597

185.     Defendants admit that plaintiff purports to bring this cause of action on behalf of a putative class.  Defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Defendants deny any remaining allegations in Paragraph 185.

186.     Defendants lack information or belief sufficient to answer the allegations regarding plaintiff's alleged state of mind and on that ground deny the allegations.  Defendants deny the remaining allegations in Paragraph 186.

187.     Defendants deny the allegations of Paragraph 187 in their entirety.

188.     Defendants specifically deny the allegation in Paragraph 188 that plaintiff paid any fees to defendants.  Defendants lack information or belief sufficient to answer the allegations regarding plaintiff's alleged state of mind and on that ground deny the allegations.  Because there is no class certified, defendants specifically deny all allegations in Paragraph 188 to the extent they relate to purported "members of the Class."  Defendants deny the remaining allegations in Paragraph 188.

189.     Defendants deny the allegations in the first sentence of Paragraph 189.  Defendants lack information or belief sufficient to answer the allegations in the second sentence of Paragraph 189 regarding plaintiff's alleged state of mind and on that ground deny the allegations.  Because no class is certified, defendants further deny the allegations in Paragraph 189 to the extent they relate to "members of the Nationwide Class."  Defendants deny the remaining allegations in Paragraph 189.

190.     Defendants deny the allegations in Paragraph 190.

191.     Defendants deny the allegations in Paragraph 191 in their entirety.  Because no class is certified, defendants further deny the allegations in Paragraph 191 to the extent they relate to "members of the Nationwide Class."

192.     Defendants deny the allegations in Paragraph 192 in their entirety.

193.     Defendants deny the allegations in Paragraph 193.  Because no class is certified, defendants further deny the allegations in Paragraph 193 to the extent they relate to "member[s] of the Nationwide Class."  Defendants deny that plaintiff is entitled to relief.

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT  2:14-CV-02597

**SEVENTH CAUSE OF ACTION**

**Breach of Contract**

194.    Defendants incorporate each of the foregoing answering paragraphs as though fully set forth herein.

195.    Defendants admit that plaintiff purports to bring this cause of action on behalf of a putative class.  Defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Defendants deny any remaining allegations in Paragraph 195.

196.    Defendants admit that OLS services plaintiff's mortgage.  Because no class is certified, defendants further deny the allegations in Paragraph 196 to the extent they relate to "all Class members."  Defendants deny the allegations in Paragraph 196.

197.    Defendants deny the allegations in paragraph 197 in their entirety.

198.    Defendants deny the allegations in Paragraph 198 in their entirety.  Because there is no class certified, defendants specifically deny all allegations in Paragraph 198 to the extent they relate to purported "members of the Class."

199.    Defendants deny that plaintiff's loan payments were misapplied under the terms of the loan documents, but admit that misapplying timely contractual mortgage payments can constitute a breach of such agreements.  Defendants deny the allegations of Paragraph 199, except as specifically admitted.

200.    Defendants deny the allegations in Paragraph 200 in their entirety.  Because there is no class certified, defendants specifically deny all allegations in Paragraph 200 to the extent they relate to purported "members of the Class."

201.    Defendants deny the allegations in Paragraph 201 in their entirety.  Because no class is certified, defendants further deny the allegations in Paragraph 201 to the extent they relate to "member of the Class."  Defendants deny that plaintiff is entitled to relief.

**RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

Defendants deny that a class or subclass may be properly certified under Fed. R. Civ. P. 23 or any other rule and further deny that plaintiff is entitled to any of the relief requested or to

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT  2:14-CV-02597

1    any judgment, damages, fees, or other relief whatsoever, including the relief requested in

2    subsections (1)–(10).

### AFFIRMATIVE DEFENSES

4    Without assuming any burden of proof that it would not otherwise bear, defendants assert

5    the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

8    The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

11    Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (No Standing)

14    Plaintiff lacks standing.  In particular, plaintiff's RICO claims are barred because he has

15    not suffered any "injury to business or property by reason of a violation of section 1962" required

16    for statutory standing under RICO, and his UCL claim is barred because he has not "lost money

17    or property as a result of the unfair competition" of which he complains.

### FOURTH AFFIRMATIVE DEFENSE
### (Voluntary Payment Doctrine)

20    Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine.

### FIFTH AFFIRMATIVE DEFENSE
### (Consideration)

23    Plaintiff's claims are barred, in whole or in part, because, to the extent plaintiff made any

24    payment to defendants, such payment was in exchange for fair consideration.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Satisfy Conditions Precedent)

27    Plaintiff's claims are barred, in whole or in part, by the failure of plaintiff to satisfy

28    statutory, contractual, and/or common-law conditions precedent.

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT  2:14-CV-02597

**SEVENTH AFFIRMATIVE DEFENSE**
**(Lack of Performance)**

Plaintiff's claims are barred, in whole or in part, by plaintiff's failure of performance under the terms of his note and deed of trust.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Plaintiff's Own Negligence and Acts)**

Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff's own negligent, careless, and/or intentional acts caused and/or contributed to plaintiff's alleged injuries and/or damages.

**NINTH AFFIRMATIVE DEFENSE**
**(Consent and Acquiescence)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of consent and acquiescence.

**TENTH AFFIRMATIVE DEFENSE**
**(Ratification, Waiver, and Estoppel)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of ratification, waiver, and estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands and similar rules requiring plaintiff to come in equity to obtain relief.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Laches)**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Unjust Enrichment)**

Plaintiff's claims are barred because the grant of any relief to plaintiff would result in his unjust enrichment at defendants' expense.

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (Disclosure)

Plaintiff's claims are barred, in whole or in part, because all material facts relating to the conduct alleged in the Complaint were disclosed and available to plaintiff at all relevant times.

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (Conduct Not Likely to Mislead)

Plaintiff's claims are barred, in whole or in part, because defendants' practices alleged in the Complaint were not likely to mislead and, in fact, did not mislead plaintiff or any other individuals.

### SIXTEENTH AFFIRMATIVE DEFENSE
#### (Good Faith)

The claims and causes of action asserted against defendants are barred because at all times defendants acted in good faith and in conformity with all rules, regulations, and interpretations of law relevant to the claims, and to the extent any purported statutory violation occurred, it resulted notwithstanding defendants' maintenance of procedures reasonably adapted to avoid any such violation.

### SEVENTEENTH AFFIRMATIVE DEFENSE
#### (Compliance with Governing Statutes, Laws, Regulations, and Guidelines)

Plaintiff's claims are barred, in whole or in part, by reason of defendants' compliance with applicable statutes, laws, regulations, and guidelines.

### EIGHTEENTH AFFIRMATIVE DEFENSE
#### (No Enterprise)

Plaintiff's RICO claims are barred because plaintiff cannot establish the existence of an enterprise, or that defendants participated in or were associated with any enterprise, required to find liability under the RICO statute.

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT  2:14-CV-02597

### NINETEENTH AFFIRMATIVE DEFENSE
#### (No Racketeering Activity)

Plaintiff's RICO claims are barred because plaintiff cannot establish a pattern of racketeering activity required to find liability under the RICO statute.

### TWENTIETH AFFIRMATIVE DEFENSE
#### (Vagueness)

The RICO statute is unconstitutionally vague in that it fails to provide adequate standards by which defendants may determine whether their conduct is unlawful.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
#### (Acts or Omissions of Third Parties)

Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged damages and/or injury were proximately and solely caused by the acts or omissions of third parties for whose conduct defendants are not responsible and/or who acted outside the scope of the authority granted to them.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
#### (Offset)

Plaintiff is barred from bringing this action, in whole or in part, by the doctrine of offset.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
#### (No Damages)

Plaintiff's claims are barred because he has not sustained any injury or damage as a result of the matters averred in the Complaint, and defendants did not proximately cause any damages alleged in the Complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
#### (Damages Speculative)

Plaintiff's alleged damages are speculative or uncertain and, therefore, not compensable, in whole or in part.

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT  2:14-CV-02597

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
#### (Adequate Remedy at Law)

Plaintiff's claims for injunctive relief and/or for restitution are barred because plaintiff has an adequate remedy at law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
#### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, because plaintiff failed to mitigate his damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
#### (Indispensable Parties)

Other parties not named in the Complaint may be indispensable parties to the action.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
#### (Due Process)

Imposition of treble or punitive damages against defendants would violate provisions of the United States Constitution, including, without limitation, the Due Process Clause of the Fifth Amendment and the Excessive Fines Clause of the Eight Amendment.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
#### (Defenses to Claims of Absent Putative Class Members)

The claims of absent putative class members are barred by some or all of the defenses asserted above that bar plaintiff's claims.  In the event that any attempt is made to certify a class in this action, defendants reserve the right to identify and advance any further affirmative defenses that may be appropriate.

### ADDITIONAL AFFIRMATIVE DEFENSES

Defendants reserve the right to assert any additional affirmative defenses that may arise as discovery progresses or otherwise in the course of litigation.

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT  2:14-CV-02597

1

## **PRAYER**

2         **WHEREFORE**, defendants pray that this Court enter a judgment in favor of defendants

3    such that plaintiff takes nothing by his Complaint.

4

5

6         Dated:  August 12, 2015                    ELIZABETH L. MCKEEN
                                                      CATALINA J. VERGARA
7                                                     ASHLEY M. PAVEL
                                                      O'MELVENY & MYERS LLP

8

9                                                     By:      /s/ Catalina J. Vergara
                                                      _____
10                                                             Catalina J. Vergara

11                                                    Attorneys for Defendants
                                                      Ocwen Financial Corporation and
12                                                    Ocwen Loan Servicing, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO CLASS
                                                      ACTION COMPLAINT  2:14-CV-02597