1  ELIZABETH L. MCKEEN (S.B. #216690)
2  CATALINA J. VERGARA (S.B. #223775)
   ASHLEY M. PAVEL (S.B. #267514)
3  O'MELVENY & MYERS LLP
   610 Newport Center Drive, 17th Floor
4  Newport Beach, California  92660-6429
   Telephone:  (949) 823-6900
5  Facsimile:   (949) 823-6994

6
   Attorneys for Defendants
7  Ocwen Financial Corporation and
   Ocwen Loan Servicing, LLC
8

9              **UNITED STATES DISTRICT COURT**

10            **EASTERN DISTRICT OF CALIFORNIA**

11

12  DAVID WEINER, individually, and on        Case No. 2:14-cv-02597-MCE-DAD
    behalf of other members of the public
13  similarly situated,                        **DEFENDANTS' NOTICE OF**
                                               **MOTION TO STAY;**
14                   Plaintiff,                **MEMORANDUM OF POINTS**
                                               **AND AUTHORITIES**
15         vs.
                                               Date:    September 17, 2015
16  OCWEN FINANCIAL                            Time:    2:00 p.m.
    CORPORATION, a Florida corporation,        Ctrm:    7
17  and OCWEN LOAN SERVICING,                  Judge: Hon. Morrison C. England, Jr.
    LLC, a Delaware limited liability
18  company,

19                   Defendants.

20

21

22

23

24

25

26

27

28

1  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2    PLEASE TAKE NOTICE THAT on September 17, 2015 at 2:00 p.m., or as

3  soon thereafter as counsel may be heard, in the courtroom of the Honorable

4  Morrison C. England, Jr. (Courtroom 7) of the above-entitled Court, located at 501

5  I Street, Suite 4-200, Sacramento, California 95814, defendants Ocwen Financial

6  Corporation ("OFC") and Ocwen Loan Servicing, LLC ("OLS") (collectively,

7  "defendants") will and hereby do move the court to stay plaintiff's case pending the

8  resolution of appeal in *Vega v. Ocwen Fin. Corp.*, No. 15-55885 (9th Cir.).

9    This motion is based on defendants' concurrently filed Memorandum of

10  Points and Authorities, the Court's file in this action, any other matter of which the

11  Court may properly take judicial notice, the arguments of counsel, and all

12  supplemental papers filed at or before the hearing on this Motion.

13

14

15    Dated:  August 20, 2015    ELIZABETH L. MCKEEN

16               CATALINA J. VERGARA
             ASHLEY M. PAVEL

17               O'MELVENY & MYERS LLP

18               By:  /s/  Catalina J. Vergara

19                  Catalina J. Vergara
             Attorneys for Defendants

20               Ocwen Financial Corporation and
             Ocwen Loan Servicing, LLC

21

22

23

24

25

26

27

28

             – 1 –          DEFENDANTS' MOTION TO STAY
                             2:14-CV-02597-MCE-DAD

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This action is one of two actions brought by the same plaintiff's counsel, against the same defendants, asserting six common causes of action under the same theory that Ocwen Loan Servicing, LLC ("OLS") and Ocwen Financial Corporation ("OFC") (collectively, "Ocwen"), together with Altisource Portfolio Solutions S.A. ("Altisource"), allegedly formed an enterprise to assess borrowers fees for default-related services that were purportedly inconsistent with the terms of the governing deeds of trust. *Compare* Complaint, *Vega v. Ocwen Fin. Corp., et al.*, No. 2:14-cv-04408, ECF No. 1 (C.D. Cal. June 6, 2014) ("*Vega* Complaint") (alleged enterprise assessed fees for property inspections that were not "necessary" or "reasonable" under the mortgage contract) *with* Compl., Dkt. No. 1, ¶¶ 2, 3, 34, 52, 60, 69, 70, 128 (alleged enterprise assessed fees for BPOs and title searches in amounts that allegedly exceed what is allowable under the contract).

In *Vega*, the United States District Court for the Central District of California dismissed all of plaintiff's claims with prejudice in May 2015, finding that the dispute sounded in contract and could not support fraud-based claims. *Vega v. Ocwen Fin. Corp.*, 2015 WL 3441930 (C.D. Cal. May 28, 2015). That matter is now pending before the Ninth Circuit on appeal. Notice of Appeal, *Vega*, No. 2:14-cv-04408, ECF No. 72 (C.D. Cal. June 9, 2015). The Ninth Circuit's opinion in *Vega* will control six of the seven causes of action in this case. In particular, if the Ninth Circuit affirms Judge Wright's dismissal with prejudice in *Vega*, it could require dismissal of all of Mr. Weiner's fraud-based claims here, thereby narrowing this action to a breach-of-contract claim asserting misapplication of payments under the deed of trust.

Given the substantial overlap between Mr. Weiner's fraud-based claims in this action and the dismissed claims on appeal in *Vega*, a stay of this action is warranted. This Court should not be required to expend scarce judicial resources

on the litigation of issues that may be fully resolved by the Ninth Circuit.   The interests of judicial economy, and of the parties, would be best served by staying this action pending resolution of the *Vega* appeal.  Accordingly, defendants respectfully request that this Court exercise its discretion to stay *Weiner* pending resolution of the appeal in *Vega*.

## RELEVANT BACKGROUND

In *Vega*, plaintiffs allege that Ocwen formed an enterprise with non-party Altisource and unidentified third-party vendors to work together to assess fees to borrowers' loans for property inspections.  Plaintiffs further allege that those fees were unnecessary, and that Ocwen concealed the "true nature" of the fees by not disclosing on plaintiffs' monthly statements their purportedly "unnecessary" nature. *Vega* Complaint, ¶¶ 3, 10, 57, 103, 114, 127, 160.  Based on this theory, the *Vega* plaintiffs assert six causes of action: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (2) racketeering in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); (3) conspiracy in violation of RICO; (4) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*; (5) unjust enrichment; and (6) fraud.  *Id.*

On March 24, 2015, Judge Wright of the Central District of California dismissed the original *Vega* complaint in its entirety, finding that the governing mortgage contract only required inspections to be "reasonable," not "necessary," and that Ms. Vega's challenge to the propriety of the assessed property-inspection fees sounds in contract.  *Vega v. Ocwen Fin. Corp.*, 2015 WL 1383241, at *3-5 (C.D. Cal. Mar. 24, 2015) ("[Plaintiff] tries to spin a breach of contract claim into a fraud case.  This is a fundamental problem that infects each cause of action.").  Judge Wright further rejected the theory that Ocwen had not disclosed the "true nature" of the fees on Ms. Vega's monthly statements, concluding that "[i]t would be absurd for Ocwen to print 'unnecessary property inspection' on each billing

DEFENDANTS' MOTION TO STAY
2:14-CV-02597-MCE-DAD

1    statement.  There is no wrongdoing in Vega's billing statement because Ocwen did

2    not concede breach of contract liability."  *Id.*  at *6.  On April 3, 2015, Ms. Vega,

3    along with two additional plaintiffs, filed an amended complaint asserting the same

4    legal theories under the same six causes of action.  Instead of alleging the property-

5    inspection fees were "unnecessary," plaintiffs asserted they were "neither

6    reasonable nor appropriate" under the mortgage contract and under Fannie Mae's

7    servicing guidelines.  *Vega*, Am. Compl., No. 2:14-cv-04408, ECF No. 63, ¶ 2

8    (C.D. Cal. Apr. 3, 2015) ("*Vega* Amended Complaint").  Judge Wright found

9    plaintiffs' efforts to replead inadequate and again dismissed the complaint—this

10   time with prejudice.  The court reiterated that it "w[ould] not allow Plaintiffs to spin

11   a breach of contract action into a fraud case" and found that plaintiffs lacked

12   standing to pursue a purported breach of Fannie Mae's servicing guidelines.  *Vega*,

13   2015 WL 3441930, at *5 (C.D. Cal. May 28, 2015).  On June 9, 2015, the *Vega*

14   plaintiffs filed a notice of appeal to the Ninth Circuit.  *Vega*, Notice of Appeal, No.

15   2:14-cv-04408, ECF No. 72 (C.D. Cal. June 9, 2015).  Plaintiffs' opening brief in

16   the appeal is due on November 16, 2015.  *Vega v. Ocwen Fin. Corp.*, No. 15-

17   55885, ECF No. 1-4, 3 (9th Cir. June 10, 2015).

18        In this action, Mr. Weiner—who is represented by the same counsel as

19   Ms. Vega—asserts the same six causes of action alleged in *Vega* under a materially

20   similar theory.  Mr. Weiner claims that Ocwen, Altisource, and third-party vendors

21   formed an enterprise that purportedly assessed borrowers unlawfully "marked up"

22   fees for BPOs and title searches, and that Ocwen concealed the "true nature" of the

23   fees by failing to disclose this alleged markup on Mr. Weiner's monthly statements

24   (the "fraud-based claims").  Compl. ¶ 70.  Separately, Mr. Weiner asserts a breach-

25   of-contract claim under the independent theory that Ocwen allegedly misapplied his

26   monthly payments under the terms of the payment waterfall in his mortgage

27   contract.  *Id.* at ¶¶ 76, 95.  On July 29, 2015, this Court denied Ocwen's motion to

28   dismiss and allowed all of plaintiff's claims to proceed.  Dkt.  No. 16.

– 4 –

If the Ninth Circuit were to affirm the dismissal of *Vega*, that ruling could potentially dispose of all of Mr. Weiner's fraud-based claims, thereby limiting the scope of this action to a breach-of-contract claim under his payment-misapplication theory.

### STANDARD OF REVIEW

It is within this Court's power to stay proceedings in the interest of judicial economy. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). "This rule 'does not require that the issues in such proceedings are necessarily controlling of the action before the court.'" *Fernandez v. Obesity Research Inst., LLC*, 2013 WL 4587005, at *6 (E.D. Cal. Aug. 28, 2013) (England, J.) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)). Thus, "a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." "The existence of another proceeding that may have a substantial impact on a pending case is a particularly compelling reason to grant a stay." *Doyle v. OneWest Bank, N.A.*, 2015 WL 4605776, at *3 (C.D. Cal. May 21, 2015) (sua sponte imposition of stay pending resolution of appeal of dismissal of an action asserting similar claims against same mortgage servicer).

In determining the propriety of a stay, courts weigh the competing interests of (1) judicial economy—"the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay;" and (2) any prejudice that either party might suffer if the stay is granted or denied—"the possible damage which may result from the granting of a stay [and] the hardship or inequity which a party may suffer in being required to go forward." *CMAX, Inc. v. Hall*, 300 F.2d 265, 267–68 (9th Cir.

Mar. 19, 1962).  Here, the interests of judicial economy and of the parties weigh in favor of a stay.

<u>ARGUMENT</u>

**I.   A STAY PENDING RESOLUTION IN *VEGA* BEST SERVES THE INTERESTS OF JUDICIAL ECONOMY.**

As this Court has noted, "judges in the Eastern District of California carry the heaviest caseloads in the nation."  *Fernandez*, 2013 WL 4587005, at *7; *see also N. River Ins. Co. v. Leffingwell Ag Sales Co., Inc.*, 2011 WL 304579, at *7 (E.D. Cal. Jan. 27, 2011) ("This vast caseload threatens the very nature of the administration of justice . . . . [t]hus, this Court's case load and management of its docket alone warrant a stay of this action.").  In part for that reason, this Court has repeatedly exercised its discretion to impose a stay where doing so "will avoid wasteful duplication of effort."  *See, e.g.*, *S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, 2013 WL 4094777, at *9 (E.D. Cal. Aug. 13, 2013) (England, J.) (staying suit pending new opinion by regulatory agencies); *Sprint Commc'ns Co. L.P. v. Pac. Bell Tel. Co.*, 2014 WL 7239474, at *2 (E.D. Cal. Dec. 16, 2014) (England, J.) (staying suit pending ruling on motion to consolidate before the Judicial Panel on Multidistrict Litigation); *Ginorio v. State Farm Mut. Auto. Ins.*, 2007 WL 2492400, at *2 (staying suit pending completion of arbitration proceedings where plaintiff's claims "will likely be impacted by the pending arbitration"); *Fernandez*, 2013 WL 4587005, at *6 (granting stay under *Landis* in favor of similar action in state court).

Here, there is no question that a stay pending resolution of the *Vega* appeal could avoid duplication of effort.  This Court recently held that Mr. Weiner may assert fraud-based claims on his theory that Ocwen and Altisource concealed the "true nature" of BPO and title-search fees by not disclosing on his monthly statements that the fees were, in Mr. Weiner's view, improperly "marked up" in contravention of the mortgage agreement.  Order at 12, Dkt. No. 16; *see also*

– 6 –

1    Compl. ¶¶ 70, 134, 145.  That ruling stands in stark contrast with the Central

2    District's ruling in *Vega*.  *Vega*, 2015 WL 1383241, at *10 ("Vega's theory of

3    concealment is based on a legally meritless theory of liability.  Vega attempts to

4    argue that the public is 'likely to be deceived' because Ocwen does not tell

5    borrowers that the monthly property inspections were 'unnecessary.'  There is

6    simply no deception because Ocwen failed to concede a breach of contract.").  In

7    the next few months, the Ninth Circuit is poised to address whether, as a threshold

8    legal question, a challenge to the "nature" and adequacy of disclosure of fees for

9    default-related services authorized under the mortgage contract can support the very

10   six fraud-based claims Mr. Weiner alleges here as a matter of law.  *Vega*

11   *Complaint*, ¶¶ 77, 123, 127, 161; *Vega* Amended Complaint ¶¶ 79, 84, 111, 116,

12   139; Notice of Appeal, *Vega*, No. 2:14-cv-04408, ECF No. 72 (C.D. Cal. June 9,

13   2015).  Accordingly, the interest of judicial economy would be best served by

14   staying *Weiner* in favor of *Vega* to avoid this Court's having to expend scarce

15   judicial resources presiding over discovery, summary judgment proceedings, and

16   class-certification briefing, when the Ninth Circuit may issue an opinion that such

17   claims are not sufficient as a matter of law to survive the dismissal stage.

18        *Doyle* is instructive on this point.  In *Doyle*, plaintiff asserted statutory and

19   common law claims against her mortgage servicer and a lender-placed insurance

20   company alleging that the servicer and insurer engaged in a "kickback"

21   arrangement to profit from insurance policies purchased after borrowers breach

22   their obligation to insure the secured property.  2015 WL 4605776, at *1.  While

23   the proceedings in *Doyle* were pending, another court within the same district

24   dismissed materially similar claims against the same mortgage servicer as a matter

25   of law.  *Id.* at *4.  After the plaintiffs in the other proceeding appealed the dismissal

26   to the Ninth Circuit, the *Doyle* court sua sponte stayed proceedings in favor of the

27   appeal because the "Ninth Circuit's decision in [the other proceeding] will

28   significantly impact the outcome of the instant matter."  *Id.*  Here, too, where the

DEFENDANTS' MOTION TO STAY
2:14-CV-02597-MCE-DAD

1   two actions involve the same defendants, many of the same causes of action, and

2   materially the same legal theories, the interest of judicial economy dictates that this

3   Court should stay *Weiner* pending the Ninth Circuit's disposition of *Vega*.

4   **II.    THE INTEREST OF JUDICIAL ECONOMY OUTWEIGHS ANY**
    **        POTENTIAL HARM TO THE PARTIES.**
5

6           As this Court has held, a stay is appropriate where the interest of judicial

7   economy outweighs any potential harm to the parties.  *Sprint*, 2014 WL 7239474, at

8   *2.  Here, far from posing any harm, a stay would benefit the parties because "a

9   stay w[ould] reduce the additional expenditure of the parties' time and resources"

10  conducting discovery and motion practice that could be mooted by the Ninth

11  Circuit in *Vega*.  *See Munoz v. PHH Corp.*, 2011 WL 4048708, at *4 (E.D. Cal.

12  Sept. 9, 2011).  The benefit of avoiding "pointless discovery and motion practice,"

13  *id.*, outweighs any potential harm to the parties that might arise from a brief stay.

14          To the extent that Mr. Weiner may argue that he would be prejudiced by the

15  delay a stay would impose, that is not a sufficient "injury" to prevent imposition of

16  a stay.  *See, e.g.*, *CMAX*, 300 F.2d at 269 (affirming stay and finding no fair

17  possibility of injury to non-movant where injury would be delay in monetary

18  relief); *N. River Ins. Co.*, 2011 WL 304579, at *6 (finding that a "delay in

19  recovering potential monetary damages is not sufficient harm" to weigh against a

20  stay); *Asis Internet Servs., Inc. v. Member Source Media, LLC*, 2008 WL 4164822,

21  at *2 (N.D. Cal. Sept. 8, 2008) (delay in recovery of damages does not weigh

22  against a stay, "in contrast to cases where a stay would result prospectively in harm

23  such as real market injury or prolonged deprivation of liberty"); *Asis Internet Servs.*

24  *v. Active Response Grp.*, 2008 WL 4279695, at *5 (N.D. Cal. Sept. 16, 2008)

25  (same).

26          That is especially true given the finite nature of the stay contemplated here—

27  completion of a Ninth Circuit appeal now already two months underway.  *Active*

28  *Response Grp.*, 2008 WL 4279695, at *5 (finding a recent appeal to the Ninth

– 8 –                                        DEFENDANTS' MOTION TO STAY
                                             2:14-CV-02597-MCE-DAD

1  Circuit to be a "finite and reasonable time"); *Member Source Media, LLC*, 2008

2  WL 4164822, at *2 (same); *Doyle*, 2015 WL 4605776, at *4 (staying the case

3  pending a Ninth Circuit appeal that was filed one month earlier).

**C**ONCLUSION

4

5          For the foregoing reasons, defendants respectfully request the Court to stay

6  the instant proceeding until conclusion of the appeal in *Vega v. Ocwen Fin. Corp.,*

7  *et al.*, No. 15-55885 (9th Cir. 2015).

8

9      Dated:  August 20, 2015              ELIZABETH L. MCKEEN
                                            CATALINA J. VERGARA
10                                          ASHLEY M. PAVEL
                                            O'MELVENY & MYERS LLP
11

12                                          By:      /s/  Catalina J. Vergara
                                                     Catalina J. Vergara
13                                          Attorneys for Defendants
                                            Ocwen Financial Corporation and
14                                          Ocwen Loan Servicing, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO STAY
2:14-CV-02597-MCE-DAD