Daniel Alberstone (SBN 105275)
dalberstone@baronbudd.com
Roland Tellis (SBN 186269)
rtellis@baronbudd.com
Mark Pifko (SBN 228412)
mpifko@baronbudd.com
Michael Isaac Miller (SBN 266459)
imiller@baronbudd.com
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698

*Additional Counsel Identified Below*

Attorneys for Plaintiff
DAVID WEINER, individually, and on
behalf of other members of the general
public similarly situated

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WEINER, individually, and on behalf of other members of the public similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>OCWEN FINANCIAL CORPORATION, a Florida corporation, and OCWEN LOAN SERVICING, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case Number: 2:14-cv-02597-MCE-DAD<br>**CLASS ACTION**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY**<br><br>Date: September 17, 2015<br>Time: 2:00 p.m.<br>Location: Ctrm. 7<br><br>Judge: Hon. Morrison C. England, Jr. |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................... 1

II. OCWEN FAILS TO MEET ITS BURDEN OF DEMONSTRATING THAT A STAY IS APPROPRIATE ........................................................................................ 2

    A. Ocwen Makes no Meaningful Effort to Establish a Likelihood of Success in the *Vega* Appeal, nor Can it Show that a Ruling in *Vega* Would Impact this Case ........................................................................ 2

    B. A Stay of this Case Pending the *Vega* Appeal Would Substantially Injure Plaintiff and Putative Class Members ..................................................... 5

III. CONCLUSION ....................................................................................................... 6

**TABLE OF AUTHORITIES**

**CASE**                                                                                          **PAGE(S)**

*Bias v. Wells Fargo & Co.*,
    942 F. Supp. 2d 915 (N.D. Cal. 2013) ............................................................................ 5

*Bradberry v. T-Mobile*,
    2007 WL 2221076 (N.D. Cal. 2007) ............................................................................. 6

*Doyle v. OneWest Bank, N.A.*,
    2015 WL 4605776 (C.D. Cal. May 21, 2015) ............................................................... 5

*Guifu Li v. A Perfect Franchise, Inc.*,
    2011 WL 2293221 (N.D. Cal. June 8, 2011) ............................................................. 3, 5

*Leiva-Perez v. Holder*,
    640 F.3d 962 (9th Cir. 2011) ..................................................................................... 2, 5

*Mohamed v. Uber Technologies*,
    2015 WL 4483990 (N.D. Cal. July 22, 2015) ............................................................... 3

*Morse v. Servicemaster Global Holdings, Inc.*,
    2013 WL 123610 (N.D. Cal. Jan. 8, 2013) .................................................................... 5

*Mount Graham Coalition v. Thomas*,
    89 F.3d 554 (9th Cir. 1996) .......................................................................................... 3

*Nken v. Holder*,
    556 U.S. 418 (2009) ...................................................................................................... 2

*Renegotiation Board v. Bannercraft Clothing Co., Inc.*,
    415 U.S. 1 (1974) .......................................................................................................... 5

*Sprint Communications Co. L.P. v. Pacific Bell Telephone Co.*,
    2014 WL 7239474 (E.D. Cal. Dec. 16, 2014) (England, C.J.) .................................. 3, 4

appeal of *Vega v. Ocwen Financial Corp.*,
    2015 WL 3441930 (C.D. Cal. May 28, 2015) ..................................................... *passim*

*In re Wirecomm Wireless, Inc.*,
    2008 WL 3056491 (E.D. Cal. Aug. 1, 2008) (England, C.J.) ....................................... 2

## I. INTRODUCTION

Having failed in its attempt to secure a dismissal of Plaintiff's claims, Ocwen now seeks to stay this case pending the appeal of *Vega v. Ocwen Financial Corp.*, 2015 WL 3441930 (C.D. Cal. May 28, 2015). However, in reaching for a basis to stay this case, Ocwen tells this Court a different story than it told the Ninth Circuit concerning the nature of the issues on appeal in the *Vega* matter. In particular, in its Motion to this Court, Ocwen makes the following statement about the questions raised in the *Vega* appeal:

> ***the Ninth Circuit is poised to address*** whether, as a threshold legal question, ***a challenge to the "nature" and adequacy of disclosure of fees for default-related services*** authorized under the mortgage contract can support the very six fraud-based claims Mr. Weiner alleges here as a matter of law.

(Mot. at 7:7-10.) Ocwen then contends that "[i]f the Ninth Circuit were to affirm the dismissal of *Vega*, that ruling could potentially dispose of all of Mr. Weiner's fraud-based claims, thereby limiting the scope of this action to a breach-of-contract claim under his payment-misapplication theory." (*Id.* at 5:1-4.) Ocwen's contention is patently false.

The *Vega* case concerns property inspections and the indiscriminate and unlawful manner in which Ocwen charged homeowners for them. On other hand, the gravamen of this case concerns Ocwen's use of a RICO enterprise to profit from unlawfully marked-up fees for a host of default-related services, including broker's price opinions ("BPOs") and title searches. Contrary to the self-serving description of the *Vega* appeal Ocwen provides in the Motion, its statements to the Ninth Circuit make it clear that a stay is not appropriate here. Specifically, when asked by the Ninth Circuit to "[b]riefly describe the result below and the main issues on appeal," Ocwen responded that the issue in *Vega* was that plaintiffs could not make a:

> ***challenge to the property-inspection fees*** assessed to their accounts because (1) [plaintiffs] ***lack standing to litigate any alleged breach of investor servicing guidelines*** to which they are not a party; and (2) [plaintiffs'] ***mortgage agreements explicitly permit the assessment of property inspection fees*** when the mortgagor is in default.

(Declaration of Mark Pifko in Support of Opposition to Motion to Stay at ¶ 2, Ex. 1.)

Moreover, significantly, Ocwen fails to inform this Court that the District Court's ruling in *Vega* was part of the record this Court considered in denying Ocwen's motion to dismiss in its entirety.  Therefore, Ocwen cannot truthfully argue that *Vega* is "controlling" authority that would have a "significant impact," let alone ***any*** impact, on this case.  The Ninth Circuit's affirmation of the District Court's ruling in *Vega* would place Ocwen in the same position it was at the time this Court denied Ocwen's motion to dismiss.

## II.  OCWEN FAILS TO MEET ITS BURDEN OF DEMONSTRATING THAT A STAY IS APPROPRIATE

A stay pending appeal is "an exercise of judicial discretion . . . to be guided by sound legal principles."  *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).  In evaluating whether to issue a stay, the Ninth Circuit adheres to a four-factor test:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011); *see also In re Wirecomm Wireless, Inc.*, 2008 WL 3056491, at *2 (E.D. Cal. Aug. 1, 2008) (England, C.J.) (applying four-factor test).  "The first two factors . . . are the most critical." *Leiva-Perez*, 640 F.3d at 964 (quoting *Nken*, 556 U.S. at 434).

As the party requesting the stay, Ocwen "bears the burden of showing that the circumstances justify an exercise of that discretion."  *Nken*, 556 U.S. at 433-34.  Ocwen does not, and cannot, meet this burden.

### A.  Ocwen Makes no Meaningful Effort to Establish a Likelihood of Success in the *Vega* Appeal, nor Can it Show that a Ruling in *Vega* Would Impact this Case

In determining whether to issue a stay pending appeal, "[i]t is not enough that the chance of success on the merits be 'better than negligible.'" *Nken*, 556 U.S. at 434.  Rather, the moving party is required to "make a 'strong showing' on the merits" of the

appeal. *Mohamed v. Uber Technologies*, 2015 WL 4483990, at *2 (N.D. Cal. July 22, 2015). "Alternatively, the moving party can attempt to satisfy the first factor by showing that [the] appeal raises 'serious legal questions.'" *Id.* However, "[w]here only such a lesser showing is made, the [moving party] must further demonstrate that the balance of hardships absent a stay tips 'sharply' in its favor." *Id.*

      Ocwen's Motion fails to satisfy the "critical" likelihood-of-success factor required to issue a stay. As an initial matter, Ocwen's Motion to stay provides no analysis whatsoever of the likelihood of success on the *Vega* appeal. Similarly, Ocwen fails to make any argument that the disputed issue in the *Vega* appeal constitutes a "serious legal question" warranting a stay of this case. *See Guifu Li v. A Perfect Franchise, Inc.*, 2011 WL 2293221, at *3 (N.D. Cal. June 8, 2011) (the fact that a party is "requesting a review of the district court's decision does not automatically mean they have raised a 'serious legal question' on appeal," rather, "[f]or a legal question to be 'serious,' it must be a 'question [] going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation"). Moreover, as set forth in detail below, Ocwen does not, because it cannot, demonstrate that the balance of hardships tips "sharply" in its favor. For these reasons alone, Ocwen's Motion should be denied. *See Mount Graham Coalition v. Thomas*, 89 F.3d 554, 558 (9th Cir. 1996) (declining to continue analysis concerning a stay where the moving party failed to satisfy the first factor's threshold requirement).

      Even assuming *arguendo* that the Ninth Circuit was likely to affirm *Vega*, which Plaintiff disputes, staying this case pending the appeal would not serve the interests of judicial economy. *See Sprint Communications Co. L.P. v. Pacific Bell Telephone Co.*, 2014 WL 7239474, at *1 (E.D. Cal. Dec. 16, 2014) (England, C.J.) (explaining that the "orderly course of justice" is one of the "competing interests" to be weighed when considering a motion to stay). As Ocwen is well aware, this Court previously considered *Vega* in ruling on Ocwen's motion to dismiss. (*See* Dkt. 15 at 1 (attaching *Vega*); Dkt. 16 at 2 n. 2 (Order on MTD) (ordering matter submitted for determination without oral

argument on the record and briefs on file pursuant to E.D. Cal. L.R. 230(g)).)  If *Vega* were "controlling" and could "dispose of all of [Plaintiff's] fraud-based claims" as Ocwen suggests in the Motion (Mot. at 5, 7), then Ocwen would have prevailed on its motion to dismiss.  However, even after Ocwen submitted *Vega* as "supplemental authority," the Court nevertheless denied Ocwen's motion to dismiss in its entirety.  (*See, e.g.*, Dkt. 16 (Order on Motion to Dismiss).)

The fact of the matter is that the Ninth Circuit's ruling on the *Vega* appeal will not "simplify" any "issues, proof, [or] questions of law" in this matter, *see Sprint Communications Co. L.P.*, 2014 WL 7239474, at *1, because, contrary to Ocwen's motion, the legal theory at issue in *Vega* is **not** "materially similar" to Plaintiff's theory, (Mot. at 4:19-20).  In *Vega*, unlike here, the plaintiffs alleged Ocwen defrauded borrowers by assessing fees for property inspections without any consideration as to whether such fees were "reasonable" or "appropriate" under plaintiffs' mortgage agreements.  *See Vega*, 2015 WL 3441930, at *3.  There was no allegation of a markup in *Vega* -- the plaintiffs' claims there concerned the indiscriminate manner in which the property inspection fees were assessed.

The *Vega* court ultimately dismissed plaintiffs' case in its entirety, holding that plaintiffs' fraud-based claims: (1) relied solely on a "*violation  or breach* of the Fannie Mae Servicing Guide" (which the plaintiffs could not enforce); and (2) constituted "nothing more than a basic contract dispute." *Id.* at *5 (emphasis in original).  In sharp contrast, here Plaintiffs' theory of wrongdoing is not premised on, and, in fact, ***does not even reference***, the Fannie Mae Servicing Guides.  (*See, e.g.*, Dkt. 1 (Complaint).) Moreover, in denying Ocwen's motion to dismiss, this Court expressly rejected the argument that Ocwen's practice of assessing unlawfully marked-up BPO fees amounts to a mere breach of contract. (*See* Dkt. 16 at 13:5-17 ("Here, while Ocwen was clearly entitled under the terms of the Deed of Trust to be reimbursed for fees it paid to protect its security interest in defaulted property, according to Plaintiff's Complaint it went well beyond any contractual right in that regard by failing to disclose that the fees for which it

sought reimbursement had been significantly marked up.")) In reaching that holding, this Court relied on *Bias v. Wells Fargo & Co.*, 942 F. Supp. 2d 915, 938 n. 18 (N.D. Cal. 2013), a "nearly identical" case involving materially similar allegations that Wells Fargo assessed borrowers BPO fees which included substantial mark-ups. (*See* Dkt. 16 at 13:5-9; *see also id.* 16:20 - 18:6, 20:1-10 (relying on *Bias* in denying Ocwen's motion to dismiss Plaintiff's RICO and UCL claims).) Ocwen's Motion, which does not even reference *Bias*, offers no basis for this Court to depart from its well-reasoned prior ruling and follow *Vega* instead.

Ocwen simply cannot establish that the *Vega* appeal "may have a substantial impact on [this] case." *Doyle v. OneWest Bank, N.A.*, 2015 WL 4605776, at *3 (C.D. Cal. May 21, 2015). Accordingly, this Court should deny Ocwen's Motion.

### B. A Stay of this Case Pending the *Vega* Appeal Would Substantially Injure Plaintiff and Putative Class Members

"The Supreme Court has held that a stay pending appeal may not be granted, regardless of other factors of the test, unless the moving party makes a threshold showing that irreparable harm is *probable* absent a stay." *Morse v. Servicemaster Global Holdings, Inc.*, 2013 WL 123610, at *4 (N.D. Cal. Jan. 8, 2013) (citing *Nken*, 556 U.S. at 434); *see also Leiva-Perez*, 640 F.3d at 965 (explaining that it is a "bedrock requirement that stays must be denied to all petitioners who [do] not meet the applicable irreparable harm threshold, regardless of their showing on the other stay factors").

Ocwen fails to make this "threshold showing" required to issue a stay. In its motion, Ocwen merely states that "'a stay w[ould] reduce the additional expenditure of the parties' and resources' conducting discovery and motion practice." (Mot. at 8:8-10.) However, it is well-established that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Renegotiation Board v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 24 (1974); *see also Morse*, 2013 WL 123610, at *3 ("[T]he money and time a party must expend in [the litigation] process, while burdensome, does not alone constitute irreparable injury."); *Guifu Li*, 2011 WL 2293221,

5    Case No.: 2:14-cv-02597-MCE-DAD
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

at *4 ("Many courts . . . have concluded that incurring litigation expenses does not amount to an irreparable harm.")  Moreover, as set forth above, the *Vega* appeal will not "control" this case, nor will it dispose of any of Plaintiff's claims.  Therefore, Ocwen does not, and cannot, demonstrate that it would suffer irreparable harm absent a stay of the proceedings.

On the other hand, it is indisputable that Plaintiff and putative class members would be substantially injured if a stay is issued.  As an initial matter, "delaying a plaintiff's day in court constitute[s] a *substantial injury* to the plaintiff."  *Bradberry v. T-Mobile*, 2007 WL 2221076, at *4 (N.D. Cal. 2007).  Moreover, because Ocwen has concealed its allegedly fraudulent conduct, "[a] delay of proceedings will allow any harm to the putative class members to continue, and therefore may materially affect the public interest in vindicating the rights of consumers."  *Id.* at *5.  Lastly, as a practical matter, the *Vega* appeal could take years before disposition.  If a stay is ordered, Plaintiff will be denied the right during the pendency of the appeal to examine key witnesses, such as officers and employees of Ocwen who directly participated in this fraud, whose memories may fade over time or who may leave Ocwen's employment.  Accordingly, the final two factors weigh heavily against a stay of this litigation.

### III.  CONCLUSION

For each of the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion to Stay be denied.

Dated:  September 3, 2015               BARON & BUDD, P.C.

By:  /s/ Mark Pifko
Mark Pifko

Daniel Alberstone (SBN 105275)
dalberstone@baronbudd.com
Roland Tellis (SBN 186269)
rtellis@baronbudd.com
Mark Pifko (SBN 228412)
mpifko@baronbudd.com
Isaac Miller (SBN 266459)
imiller@baronbudd.com

1
2
3
4
5
6
7
8

BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone:  (818) 839-2333
Facsimile:   (818) 986-9698

Philip F. Cossich, Jr. (*pro hac vice* pending)
David A. Parsiola (*pro hac vice* pending)
COSSICH, SUMICH, PARSIOLA, & TAYLOR, L.L.C.
8397 Highway 23, Suite 100
Belle Chasse, Louisiana 70037
Telephone:   (504) 394-9000
Facsimile:    (504) 394-9110

Attorneys for Plaintiff
DAVID WEINER, individually, and on behalf of other members of the public similarly situated