ELIZABETH L. MCKEEN (S.B. #216690)
CATALINA J. VERGARA (S.B. #223775)
ASHLEY M. PAVEL (S.B. #267514)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660-6429
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

Attorneys for Defendants
Ocwen Financial Corporation and
Ocwen Loan Servicing, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WEINER, individually, and on behalf of other members of the public similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>OCWEN FINANCIAL CORPORATION, a Florida corporation, and OCWEN LOAN SERVICING, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | Case No. 2:14-cv-02597-MCE-DAD<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY**<br><br>Date: September 17, 2015<br>Time: 2:00 p.m.<br>Ctrm: 7<br>Judge: Hon. Morrison C. England, Jr. |

# INTRODUCTION

In opposing Ocwen's request to stay this case pending resolution of the Ninth Circuit appeal in *Vega*, plaintiff applies the wrong standard of review and ignores the fundamental similarities between his case and *Vega*—similarities that he has attempted in the past to leverage in this case, when they better suited his purposes. Notwithstanding his attempts to gloss over those similarities now, the fact remains that both *Vega* and *Weiner* assert the *same* fraud-based causes of action against the *same* defendants on the *same* ground: that certain fees assessed to borrowers under their mortgage contracts were, in both plaintiffs' view, improper. The interests of judicial economy would thus be best served by staying *Weiner* pending resolution of the Ninth Circuit's review of Judge Wright's dismissal of *Vega* with prejudice.

Plaintiff's attempt to distinguish *Vega* and *Weiner* is unconvincing and represents a reversal from the position he has consistently taken in this litigation. In opposing Ocwen's motion to dismiss, plaintiff argued that the allegations in *Weiner* and *Vega* were materially similar:

- "Plaintiff's claims are also analogous to the fraud claims alleged in *Vega* . . . . [A]s in this case, the *Vega* plaintiff's fraud-based claims were premised on a 'theory of misrepresentation about the nature and necessity of the fees.'" (Dkt. 9 at 4–5.)

- "Here, as in *Vega*, Plaintiff alleges that Defendants' 'policy, practice and procedure of marking up fees for default-related services' is part of a broader 'strategy to generate fraudulently concealed default-related fee income.'" (*Id.* at 6.)

- "These allegations . . . are closely analogous to the alleged RICO predicate acts held to be sufficient in *Vega* . . . ." (*Id.* at 15.)[1]

---

[1] At the time plaintiff filed his opposition, Judge Wright had not yet withdrawn his order denying Ocwen's motion to dismiss in *Vega*. *Cf. Vega v. Ocwen Fin. Corp.*, 2014 WL 6775898, at *1 (C.D. Cal. Dec. 1, 2014) ("*Vega I*"). On February 25, 2015, after Ocwen's motion to dismiss was fully briefed, Judge Wright withdrew his December 1, 2014 order and on March 24, 2015, replaced it with an order granting Ocwen's motion in its entirety. *Vega v. Ocwen Fin. Corp.*, No. 2:14-cv-04408, ECF No. 61 (C.D. Cal. Feb. 25, 2015); *Vega v. Ocwen Fin. Corp.*, 2015 WL

– 1 –

Plaintiff further recognized the similarities between the two cases when he propounded a discovery request in this case seeking production of all documents Ocwen produced in *Vega*. (Decl. of C. Vergara, Ex. 3, RFP 123). Moreover, as explained more fully in Ocwen's opening motion, the *Vega* complaint was filed by the same plaintiff's counsel, asserting the same six fraud-based causes of action against the same defendants under similar challenges to the propriety of fees that were authorized by the governing mortgage contract. (*Compare* Vergara Decl. Ex. 1 (*Vega* Original Compl.) *and id*. Ex. 2 (*Vega* Am. Compl.) *with* Compl.). Indeed, more than half of the paragraphs in the *Weiner* complaint are lifted wholesale or very closely adapted from the *Vega* complaints. (*Compare* Vergara Decl. Ex. 1 ¶¶ 64–67, 70, 76, 97–106, 110–114, 122–131, 140–141, 143–147, 153–154, 160–166; *id*. Ex. 2 69–72, 75, 91, 110–119, 123–127, 135–144, 156–154, 156–160, 165–166, 174–180 *with* Compl. 86–88, 100, 106, 127–137, 141–156, 165–166, 168–172, 178–179, 186–193).

Plaintiff's application of the wrong legal standard further undermines his opposition to Ocwen's motion. He applies the four-factor test articulated in *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987), which is used to evaluate a request to stay a court order or judgment pending appeal in the same case. (Opp. at 2–3). On that foundation, he argues that Ocwen's request for a stay should be denied because it has not established that it is likely to prevail before the Ninth Circuit in *Vega*. (Opp. at 3). But no such showing is required because the stay at issue here is governed by *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) and its progeny. *Asis Internet Servs. v. Member Source Media, LLC*, 2008 WL 4164822, *1 & n.1 (N.D. Cal. Sept. 8, 2008).[2] When considering a *Landis* stay, courts in the Ninth

---

1383241 (C.D. Cal. Mar. 24, 2015) ("*Vega II*"). The Vega amended complaint was dismissed with prejudice on May 28, 2015. *Vega v. Ocwen Fin. Corp.*, 2015 WL 3441930, at *5, *10 (C.D. Cal. May 28, 2015) ("*Vega III*").
[2] Even if Ocwen were required to make such a showing, Ocwen's defense of the *Vega* appeal is likely to succeed for the reasons articulated in Judge Wright's

– 2 –

REPLY ISO MOT. TO STAY
2:14-CV-02597-MCE-DAD

1  Circuit weigh the competing interests of judicial economy and the harm that either
2  party may suffer if a stay is granted or denied. Under the applicable *Landis*
3  standard, a stay is more than justified.
4        In light of the substantial similarities between the core allegations in both
5  cases, there can be no doubt that judicial economy would be served by a stay
6  pending resolution of the appellate proceedings in *Vega*. This strong interest in
7  judicial economy is not outweighed by any potential harm to the parties.
8  Accordingly, Ocwen's motion for a *Landis* stay should be granted.

## STANDARD OF REVIEW

10        Plaintiff's opposition relies heavily upon the incorrect standard of review.
11  He argues that this Court should consider four factors: (1) likelihood of success on
12  appeal; (2) whether the applicant will be irreparably injured absent a stay;
13  (3) whether other interested parties would be substantially injured by the stay; and
14  (4) the public interest. (Opp at 2 (citing *Nken v. Holder*, 556 U.S. 418, 426 (2009);
15  *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011))). This standard was
16  articulated in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The *Hilton* factors
17  apply when a party requests a stay of a district court's judgment or order pending an
18  appeal in the same case. *Member Source Media*, 2008 WL 4164822, at *1 & n.1.
19  Courts require a showing of likelihood of success on the merits in the context of a
20  stay pending appeal in the same case to prevent a litigant from imposing a needless
21  delay in proceedings by bringing a frivolous appeal. *Cf., e.g.*, *In re Wirecomm*
22  *Wireless, Inc.*, 2008 WL 3056491, at *2 (E.D. Cal. Aug. 1, 2008) (England, C.J.)
23  (reversing a bankruptcy court's denial of a stay pending appeal of a motion to
24  compel arbitration because the appeal did not involve a "frivolous" motion brought
25  "merely to stall a trial . . . [or] attempt to avoid producing documents during
26  discovery") (internal quotes and citations omitted). That concern does not apply

---

27  dismissal orders. *Vega II*, 2015 WL 1383241, at *3–6; *Vega III*, 2015 WL
28  3441930, at *5, *10.

– 3 –

REPLY ISO MOT. TO STAY
2:14-CV-02597-MCE-DAD

where, as here, the movant seeks a stay of all proceedings in favor of adjudication of similar proceedings in the interest of judicial economy. Accordingly, where, as here, the movant seeks a stay of a proceeding pending resolution of another proceeding, *Landis* applies. *Member Source Media*, 2008 WL 4164822, at *1 & n.1. (rejecting reliance on *Hilton* factors because "[t]he issue here is whether the Court should stay the proceedings—not a judgment or order already obtained— pending an appeal or other disposition of a different case. *Landis* sets forth the appropriate standard for a stay in these circumstances"); *Cardenas v. AmeriCredit Fin. Servs. Inc.*, 2011 WL 846070, at *2 (N.D. Cal. Mar. 8, 2011) ("*Hilton* generally applies to requests to stay a specific order or judgment, as opposed to a request to stay a proceeding.") (applying *Landis*).

In determining the propriety of the *Landis* stay sought here, courts weigh the competing interests of (1) judicial economy—"the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay;" and (2) any prejudice that either party might suffer if the stay is granted or denied—"the possible damage which may result from the granting of a stay [and] the hardship or inequity which a party may suffer in being required to go forward." *CMAX, Inc. v. Hall*, 300 F.2d 265, 267–68 (9th Cir. Mar. 19, 1962); *Sprint Commc'ns Co. L.P v. Pac. Bell Tel. Co.*, 2014 WL 7239474, at *2 (E.D. Cal. Dec. 15, 2014) (England, C.J.) (quoting *CMAX*); *Fernandez v. Obesity Research Inst., LLC*, 2013 WL 4587005, at *6 (E.D. Cal. Aug. 28, 2013) (England, C.J.).[3] "The existence of another proceeding that

---

[3] Plaintiff does not cite a single case applying the *Hilton* factors to a request to stay pending resolution of similar proceedings. All of the cases cited in plaintiff's opposition applying the *Hilton* factors involved a motion to stay an order pending appeal in the same case. *Nken*, 556 U.S. at 433-34 (stay of removal pending appeal of immigration ruling); *Leiva-Perez*, 640 F.3d at 964 (same); *In re Wirecomm Wireless, Inc.*, 2008 WL 3056491, at *2 (E.D. Cal. Aug. 1, 2008) (England, C.J.) (stay pending appeal of denial of movant's motion to compel arbitration); *Mohamed v. Uber Techs., Inc.*, 2015 WL 4483990 (N.D. Cal. July 22, 2015) (same); *Li v. A Perfect Franchise*, Inc., 2011 WL 2293221 (N.D. Cal. Jun. 8, 2011) (same); *Morse*

may have a substantial impact on a pending case is a particularly compelling reason to grant a stay." *Doyle v. OneWest Bank, N.A.*, 2015 WL 4605776, at *3 (C.D. Cal. May 21, 2015) (sua sponte imposition of stay pending resolution of appeal of dismissal of an action asserting similar claims against same mortgage servicer).

### ARGUMENT

**I.    A STAY PENDING RESOLUTION IN *VEGA* BEST SERVES THE INTERESTS OF JUDICIAL ECONOMY.**

Plaintiff disputes that judicial economy would be best served by a stay on the grounds that the allegations in *Weiner* are not exactly the same as those in *Vega* and that the district court decision in *Vega* is not "controlling." (Opp. at 3–4). Neither of these arguments weighs against a stay. *Vega* and *Weiner* need not be identical to justify a stay—it is sufficient that disposition of the appeal in *Vega* would "bear upon" and "may have a substantial impact" upon this pending case. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.3d 857, 863 (9th Cir. 1979); *Doyle*, 2015 WL 4605776, at *3. Similarly, as this Court has recognized, "[t]his rule 'does not require that the issues in such proceedings are necessarily controlling of the action before the court.'" *Fernandez v. Obesity Research Inst., LLC*, 2013 WL 4587005, at *6 (E.D. Cal. Aug. 28, 2013) (England, J.) (quoting *Leyva*, 593 F.2d at 863–64). Here, disposition of the *Vega* appeal will undoubtedly "bear upon" and "may have a substantial impact" upon this action because the allegations in the *Vega* and *Weiner* complaints are substantially similar, and the Ninth Circuit is poised to rule on the threshold legal issues that are common to this case.

---

*v. Servicemaster Global Holdings, Inc.*, 2013 WL 123610 (N.D. Cal. Jan. 8, 2013) (same); *Bradberry v. T-Mobile USA, Inc.*, 2007 WL 2221076 (N.D. Cal. Aug. 2, 2007) (same); *Mt. Graham Coalition v. Thomas*, 89 F.3d 554 (9th Cir. 1996) (stay pending appeal of order dissolving injunction against development project). The opposition also relies on this Court's opinion in *Sprint* without acknowledging that the Court applied the *Landis/CMAX* standard and granted the stay. 2014 WL 7239474. (Opp. at 3–4).

**A.     As Plaintiffs Recognized In Opposing Ocwen's Motion To Dismiss, *Vega* And *Weiner* Involve Similar Factual Allegations And Legal Theories.**

The *Vega* complaint, which was drafted by Mr. Weiner's counsel, alleges the same six fraud-based causes of action against the same defendants based on materially similar theories. (Vergara Decl. Exs. 1–2; Compl.). In *Vega*, plaintiffs alleged that Ocwen, Altisource, and third-party vendors purportedly formed a RICO enterprise to assess fees for inspections of properties securing loans in default when those inspections were not "necessary" or "reasonable" under the mortgage contract. (Vergara Decl. Ex. 1, ¶¶ 3, 10, 57, 103, 114, 127). The *Vega* plaintiffs further argued that Ocwen concealed the "true nature" of the fees by not disclosing on plaintiffs' monthly statements that underlying inspections were allegedly "unnecessary." *Id.* In this action, Mr. Weiner asserts the same six fraud-based claims as in *Vega* under the theory that Ocwen, Altisource, and third-party vendors formed an enterprise that purportedly assessed borrowers unlawfully "marked up" fees for BPOs and title searches and that Ocwen concealed the "true nature" of the fees by failing to disclose this alleged markup on Mr. Weiner's monthly statements. (Compl. ¶¶ 70, 134, 145, 152, 153). Plaintiff's suggestion that these two cases are so distinct that a stay pending resolution of the *Vega* appeal would not serve judicial economy strains credulity. (*Cf.* Opp. at 3–4). Indeed, in opposing Ocwen's motion to dismiss, plaintiff extensively relied upon the now-withdrawn order denying Ocwen's motion to dismiss in *Vega*. (Dkt. 9 at 2, 4–7, 10–11, 13–15, 17–18). Plaintiff further recognized the similarities between the two cases when it propounded on Ocwen a discovery request seeking production of all documents Ocwen produced in *Vega*. (Decl. of C. Vergara, Ex. 3, RFP 123).[4]

---

[4] Plaintiff argues that Ocwen's two-sentence description of the Vega appeal on a mediation questionnaire somehow demonstrates that a stay is not appropriate here. (Opp. at 1). Even if the mediation questionnaire were somehow dispositive of the scope of the appeal, and it is not, Ocwen's recitation makes clear that the propriety of asserting fraud-based claims based on the challenge to a contractually authorized fee is at issue. (Dkt. No. 24-1 at 1).

**B.     The Ninth Circuit's Forthcoming Opinion In *Vega* May Have A Substantial Impact On This Case.**

Plaintiff contends that a stay pending resolution of the *Vega* plaintiff's appeal would not serve judicial economy because "[i]f *Vega* were 'controlling' . . . then Ocwen would have prevailed on its motion to dismiss." (Opp. at 4). As a threshold matter, Ocwen does not argue, as plaintiff suggests, that Judge Wright's contrary opinions dismissing similar theories in *Vega* are controlling authority here. Ocwen acknowledges that Judge Wright's orders are merely persuasive.[5] But since Mr. Weiner's counsel has put Judge Wright's orders before the Ninth Circuit for review, the Ninth Circuit's disposition of the legal sufficiency of the *Vega* plaintiffs' similar allegations and theories will now potentially create binding authority regarding the same six fraud-based causes of action at issue here.[6]

In *Vega*, Judge Wright dismissed Ms. Vega's original complaint, finding that the alleged assessment of property-inspection fees was consistent with Ms. Vega's mortgage contract and that Ms. Vega's challenge to the propriety of the assessed property-inspection fees sounds in contract. *Vega II*, 2015 WL 1383241, at *3–5 ("[Plaintiff] tries to spin a breach of contract claim into a fraud case. This is a fundamental problem that infects each cause of action."). Judge Wright further rejected the theory that Ocwen had not disclosed the "true nature" of the fees on Ms. Vega's monthly statements, concluding that "[i]t would be absurd for Ocwen to

---

[5] As plaintiff notes, Ocwen submitted Judge Wright's orders dismissing *Vega*, which were issued after Ocwen's motion to dismiss was fully briefed, as supplemental authority. (Dkt. Nos. 14, 15). The orders were not mentioned in the Court's order on Ocwen's motion to dismiss. (Dkt. No. 16).

[6] Plaintiff offers an overly narrow reading of the district court opinion in *Vega* to argue that affirmance by the Ninth Circuit will not affect this case. (Opp. at 4). But even assuming the dismissal orders in *Vega* could be so narrowly construed, and they cannot, this argument is unavailing because the Ninth Circuit may affirm dismissal in *Vega* on any basis supported by the record—it is not constrained by the articulation of the issues in Judge Wright's orders. *See Morris v. Tanner*, 16 F. App'x. 652, 654 (9th Cir. 2001).

print 'unnecessary property inspection' on each billing statement.  There is no wrongdoing in Vega's billing statement because Ocwen did not concede breach of contract liability." *Id*. at *6.  In dismissing with prejudice the amended complaint brought by Ms. Vega and two additional plaintiffs, Judge Wright rejected the argument that the challenged property-inspection fees were "neither reasonable nor appropriate" under the mortgage or under Fannie Mae's servicing guidelines, reiterating that "the Court w[ould] not allow Plaintiffs to spin a breach of contract action into a fraud case" and finding that plaintiffs lacked standing to enforce a breach of Fannie Mae's servicing guidelines.  *Vega III*, 2015 WL 3441930, at *5.  By initiating an appeal in *Vega*, Mr. Weiner's counsel has put squarely before the Ninth Circuit the question of whether fraud-based challenges to contractually authorized fees are improper attempts to "spin a breach of contract claim into a fraud case" and whether non-disclosure of an alleged contractual breach related to the fee on the monthly statement can support fraud-based claims.  Accordingly, the "Ninth Circuit's decision in [the other proceeding] will significantly impact the outcome of the instant matter," and a stay is therefore appropriate.  *Doyle*, 2015 WL 4605776, at *4.

## II. THE INTEREST OF JUDICIAL ECONOMY OUTWEIGHS ANY POTENTIAL HARM TO THE PARTIES.

"[T]his Court's case load and management of its docket alone warrant a stay of this action."  *N. River Ins. Co. v. Leffingwell Ag Sales Co., Inc.*, 2011 WL 304579, at *7 (E.D. Cal. Jan. 27, 2011).  Moreover, plaintiff's opposition does not articulate any supposed potential harm that would outweigh the strong interests in judicial economy here.  *See Sprint*, 2014 WL 7239474, at *2 (England, C.J.) (granting stay where judicial economy outweighed any harm to the parties).  Rather, plaintiff relies on cases applying the *Hilton* factors to argue that a stay should not be granted because Ocwen has not demonstrated a probability of irreparable harm.  (Opp. at 5–6.)

– 8 –

1   As explained *supra*, however, Ocwen's stay motion is governed by *Landis*.
2   Under that standard, courts have noted that the movant need only make a showing
3   of hardship if the opposing party first demonstrates there is a fair possibility it will
4   be injured by a stay—litigation-related injuries, such as the delay in proceedings of
5   which plaintiff complains, do not suffice.  *Member Source Media, LLC*, 2008 WL
6   416822, *2 (finding delay in litigation was not sufficient to demonstrate injury to
7   opposing party, and as such moving party was not required to demonstrate
8   hardship) (granting *Landis* stay); *see also, e.g.*, *CMAX*, 300 F.2d at 269 (affirming
9   stay and finding no fair possibility of injury to non-movant where injury would be
10  delay in monetary relief); *N. River Ins. Co.*, 2011 WL 304579, at *6 ("delay in
11  recovering potential monetary damages is not sufficient harm.").  (Opp. at 6).
12  Furthermore, notwithstanding plaintiff's contention that a stay would cause undue
13  harm because the *Vega* appeal will take "years" (Opp. at 6), courts have found the
14  expected interval for Ninth Circuit appeal to be "finite and reasonable."  *Asis*
15  *Internet Servs. v. Active Response Grp.*, 2008 WL 4279695, at *5 (N.D. Cal.
16  Sept. 16, 2008); *Member Source Media, LLC*, 2008 WL 4164822 at *2 (same); *see*
17  *also Doyle*, 2015 WL 4605776, at *4 (staying the case pending a Ninth Circuit
18  appeal that was filed one month earlier).

19   Indeed, a stay would *benefit* both parties by preventing unnecessary litigation
20  of issues that may be mooted by the Ninth Circuit's order in *Vega*.  *See, e.g.*, *Munoz*
21  *v. PHH Corp.*, 2011 WL 4048708, at *4 (E.D. Cal. Sept. 9, 2011) ("As is clear, the
22  parties may suffer damage by conducting what could be pointless discovery and
23  motion practice.") (granting stay); *Karoun Dairies, Inc. v. Karlacti, Inc.*, 2013 WL
24  4716202, at *3–4 (S.D. Cal. Sept. 3, 2013) ("[I]t would result in prejudice to both
25  parties if the decision reached by the Ninth Circuit required additional expense and
26  effort in this case by virtue of the case proceeding forward without awaiting its
27  decision.") (granting stay).
28

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court stay this proceeding pending resolution of the appeal in *Vega v. Ocwen Fin. Corp., et al.*, No. 15-55885 (9th Cir. 2015).

Dated: September 10, 2015

ELIZABETH L. MCKEEN
CATALINA J. VERGARA
ASHLEY M. PAVEL
O'MELVENY & MYERS LLP

By:   /s/  Catalina J. Vergara
          Catalina J. Vergara
Attorneys for Defendants
Ocwen Financial Corporation and
Ocwen Loan Servicing, LLC