UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WEINER, individually, and on behalf of other members of the public similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>OCWEN FINANCIAL CORPORATION, a Florida corporation, and OCWEN LOAN SERVICING, LLC, a Delaware limited liability company,<br><br>    Defendants. | No. 2:14-cv-02597-MCE-CKD<br><br>**ORDER** |

    Through the present action, Plaintiff David Weiner ("Plaintiff") alleges that his mortgage servicer, Ocwen Loan Servicing LLC ("OLS") and OLS' parent company, Ocwen Financial Corporation (collectively referred to as "Ocwen"), improperly assessed default-related service fees that contained substantial, undisclosed mark-ups which violated the terms of his mortgage contract.  Plaintiff further alleges that Defendants misapplied his payments in violation of the terms of the applicable deed of trust.

    Plaintiff also purports to represent a class of borrowers who have been similarly damaged by Defendants' allegedly improper actions in this regard.  Ocwen now moves to stay Plaintiff's lawsuit on grounds that an appeal has been filed before the Ninth

1

Circuit challenging the Central District's dismissal of another case filed against Ocwen by Plaintiff's counsel.  According to Ocwen, the Ninth Circuit's adjudication of that appeal "will control six of the seven causes of action [asserted] in this case."  Ocwen's Mot., 2:20-21.  As set forth below, this Court disagrees, and Ocwen's stay request is DENIED.[1]

On July 29, 2015, the Court denied Ocwen's Motion to Dismiss.  ECF No. 16.  A little more than a month later, on August 20, 2015, Ocwen filed its present Motion, arguing that on May 28, 2015, the Central District entered an order dismissing with prejudice all claims in Vega v. Ocwen Financial Corp., et al., Case No. 2:14-cv-04408-ODW.  While Ocwen had previously brought that decision to the Court's attention by way of a Notice of Supplemental Authority filed May 29, 2015, this Court was under no obligation to adhere to the Central District's reasoning in the Vega decision, in which the court sua sponte vacated its own prior order to the contrary.  On June 9, 2015, however, the Vega plaintiff had appealed, and as indicated above, Ocwen takes the position that the disposition of that appeal may, in turn, be controlling as to most of the present lawsuit as well.

It is within the Court's power to stay proceedings in the interest of judicial economy.  Landis v. North Am. Co., 299 U.S. 248, 254 (1936).  This power, which stems from the court's inherent ability to control the disposition of cases on its docket with a view towards economy of time, does not require that the issue raised in an independent case be necessarily controlling as to the pending action where stay is being considered.  Fernandez v. Obesity Research Inst., LLC., 2013 WL 4587005 at *6 (E.D. Cal. Aug. 28, 2013).  Instead, a stay can be indicated where resolution of the other case "may have a substantial impact" on the pending matter.  Doyle v. OneWest Bank, N.A., 2015 WL 4605776 at *3 (C.D. Cal. May 21, 2015).  In determining the propriety of such a stay, courts looks to issues of judicial economy and the prejudice to either party that may

---

[1] Having determined that oral argument was not of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

result if the stay is granted or denied.  CMAX, Inc. v. Hall, 300 F.2d 265, 268 9th Cir. 1962).   Whether to issue a stay in this regard is a decision necessarily relegated to the court's discretion.  Nken v. Holder, 556 U.S. 418, 433-34 (2009).

Ocwen claims here that a stay is indicated because of potential judicial economy accruing to both the Court and the parties in the wake of a forthcoming decision from the Ninth Circuit in Vega.  Ocwen's Mot., 6:1-2.  According to Ocwen, an affirmance of the District Court's decision by the circuit "could require dismissal of all of Mr. Weiner's fraud-based claims here, thereby narrowing this action to a breach-of-contract claim asserting misapplication of payments under the deed of trust."  Id. at 2:22-25.

Ocwen's reasoning in this regard, however, assumes that the factual circumstances raised in Vega are akin to those of the present matter.  They are not, and because the facts here are clearly distinguishable from Vega, the Court does not believe that judicial economy will be served by holding this case in abeyance until the Ninth Circuit decides Vega.

Vega takes issue with the allegedly indiscriminate and unlawful manner in which Ocwen charges homeowners in default for multiple property inspections, even though the mortgage agreements in question permit assessment of such fees when a mortgagor is in default.  The present case, on the other hand, alleges that Ocwen profits from imposition of unlawfully marked-up fees for a host of default-related services, including broker's price opinions ("BPOs") and title searches.  Plaintiff here alleges that Ocwen passes marked-up fees charged by a related company under common ownership interest, Altisource, despite the fact that those fees are as much as 100 percent higher than the going rate for similar services.  It is the unlawful markup and the undisclosed relationship between the related companies that permits such inflated fees to be passed on to unknowing homeowners and, according to Plaintiff,  is fraudulent and constitutes an unlawful enterprise under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c).  Additionally, Plaintiff in the present matter also contends that Ocwen, once it became his loan servicer, began charging annual escrow account

fees and further began improperly diverting mortgage payments into an escrow account, in violation of the Deed of Trust, before applying interest and principal payments.

None of these practices are at issue in Vega, which deals solely with the propriety of property inspection fees, an issue absent from this matter. Consequently, the Court rejects Ocwen's argument that disposition of the appeal in Vega will have a "significant impact" in this case as a result of which a stay could ultimately save time and resources. Plaintiff's Motion to Stay (ECF No. 20) is accordingly DENIED.

IT IS SO ORDERED.

Dated: March 10, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT