UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID WEINER, individually, and on behalf of other members of the public similarly situated,

Plaintiff,

v.

OCWEN FINANCIAL CORPORATION, a Florida corporation, and OCWEN LOAN SERVICING, LLC, a Delaware limited liability company,

Defendant.

No. 2:14-cv-02597-MCE-DAD

**ORDER**

Through the present action, Plaintiff David Weiner ("Plaintiff") alleges that his mortgage servicer, Ocwen Loan Servicing LLC ("OLS") and OLS' parent company, Ocwen Financial Corporation (collectively referred to as "Ocwen"), improperly assessed default-related service fees that contained substantial, undisclosed mark-ups which violated the terms of his mortgage contract. Plaintiff further alleges that Defendants misapplied his payments in violation of the terms of the applicable deed of trust.

On September 29, 2017, this Court granted Plaintiff's Motion for Class Certification. ECF No. 102. Thereafter, on May 3, 2018, Plaintiff filed the Motion now before the Court, which seeks to compel Defendants to produce contact information of

potential class members to facilitate class notice.  ECF No. 130.  Plaintiff further seeks sanctions against Defendants given their alleged refusal to produce the requested contact information.  In response, Defendants filed a "Procedural Opposition" on May 17, 2018, alleging that Plaintiff's Motion was precluded by the express terms of the parties Joint Stipulation regarding Electronically Stored Information ("ESI") Collection and Pretrial Discovery, as adopted by the Court's Order, filed March 20, 2018, which provided that "other than discovery-related motions, no motions of any kind will be filed by any Party prior to the completion of [the] July [2018] mediation, unless the Parties mutually agree in writing."  ECF No. 120, 3:24-26.

Federal Rule of Civil Procedure 23(c)(2)(B) provides that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  "Rule 23 . . . deals comprehensively with class actions, and this is the natural place to look for authority for orders regulating the sending of notice.  It is clear that Rule 23(d) vests power in the district court to order one of the parties to perform the tasks necessary to send notice." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 355 (1978).  Consequently, Rule 23 authorizes a district court in appropriate circumstances to require a defendant's cooperation in identifying the class members to whom notice must be sent." Id.

Citing Defendants' alleged refusal to provide class contact information on grounds that notice should be delayed until after the expected mediation of this matter in July of 2018, as indicated above, Plaintiff now moves to compel production of that information.  By denominating his motion in that fashion, Plaintiff tries to style his demand as a discovery request not coming within the purview of the aforementioned stipulation, which prohibits any non-discovery motions from being filed in advance of the mediation.  According to Plaintiff, while his request is not a discovery motion per se, because it is "discovery-related" it may be adjudicated at this juncture.

///

2

1    The Court initially notes that this tortured distinction is contrary to Plaintiff's own
2    attempts to resolve the issue short of a noticed motion.  On April 6, 2018, Plaintiff's
3    counsel, Mark Pifko, emailed the defense to inquire whether they would "stipulate to
4    relief from the restrictions on motion practice in the parties' case management order" so
5    that a motion as to class notice could be brought.  Decl. of Randall S. Luskey, ECF
6    No. 134-2, ¶ 3, Ex. B.  Defense counsel responded that they had no intention of ignoring
7    or waiving the provisions of the Court's Order (Id. at ¶ 5, Ex. D), yet Plaintiff proceeded
8    with the present motion anyway.

9    On a substantive basis, the Court finds Plaintiff's proffered distinction
10   unpersuasive.  First, while a motion styled as a "Motion to Compel" would appear to
11   implicate discovery, the subject matter of the motion, and not the label Plaintiff has
12   chosen to give it, is the determinative factor.  See Andersen v. United States, 298 F.3d
13   804, 807 (9th Cir. 2002) (holding that '[t]he substance of a motion, not its form, controls
14   its disposition); Prudential Real Estate Affiliates, Inc. v. PPR Realty, 204 F.3d 867, 880
15   (9th Cir. 2009) ("The label attached to a motion does not control its substance.").

16   With respect to that substance of Plaintiff's Motion, the Supreme Court, in
17   Oppenheimer, has made it clear that "Rule 23(d), [and] not the discovery rules is the
18   appropriate source of authority for . . . an order" pertaining to the provision of class
19   notice.  437 U.S. at 350.  The Court made this finding despite recognizing that to the
20   extent the provision of class identification data seeks to obtain information, it "resembles
21   discovery."  Id.  It reasoned that "discovery" encompasses any matter that bears upon a
22   potential issue that may be presented by the case, whereas class identification for
23   purposes of providing notice does not fit within that definition and consequently is not
24   "within the scope of legitimate discovery."  Id. at 351, 354.  Therefore, the Court opined
25   it did "not think that the discovery rules are the right tool for this job, and that Rule 23,
26   ///
27   ///
28   ///

which deals comprehensively with class actions, is instead "the natural place to look for authority for orders regulating the sending of notice." Id. at 354.[1]

Given the clear direction provided by Oppenheimer, this Court concludes that the present motion, which seeks assistance in the provision of class notice, must properly be construed as coming within the purview of Rule 23 as opposed to constituting a discovery-related motion.[2] As such, the motion is barred by the provisions of the Court's March 20, 2018 Order, which prohibits any motions, other than discovery motions, from being filed in advance of the July 2018 mediation. This Motion, filed on May 3, 2018, falls squarely within that prohibition.

For all the above reasons, Plaintiff's Motion to Compel Contact Information of Potential Class Members to Facilitate Class Notice (ECF No. 130), is DENIED, without prejudice to refiling the motion provided that the contemplated mediation has concluded without success.[3] Plaintiff's request that sanctions be imposed against Defendants for having to bring the Motion is also DENIED. The parties are directed to file a Joint Status Report concerning the status of mediation proceedings in this matter not later than November 30, 2018.

IT IS SO ORDERED.

Dated: October 24, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff cites two district court decisions from this Circuit in support of a contrary conclusion. See Aldapa v. Packing Co., Inc., 310 F.R.D. 583, 588 (E.D. Cal. 2010); Artis v. Deere & Co., 276 F.R.D. 348, 352 (N.D. Cal. 2011) Both those cases, however, dealt with discovery pertaining to the class at a pre-certification stage of the proceedings and are therefore distinguishable on that basis.

[2] Moreover, even if Plaintiff's Motion was determined to be discovery-related, as Defendant points out it does not meet the requirements for bringing such a Motion, which include meet and confer requirements and a statement of discovery disagreement in accordance with Local Rule 251. Discovery motions also must be noticed before the magistrate judge.

[3] Having determined that oral argument would not be of material assistance, the Court ordered this Motion submitted on the briefs in accordance with Local Rule 230(g).