UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WEINER, individually, and on behalf of other members of the public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN FINANCIAL CORPORATION, a Florida corporation, and OCWEN LOAN SERVICING, LLC, a Delaware limited liability company,<br><br>Defendants. | No. 2:14-cv-02597-TLN-DB<br><br>**ORDER** |

This matter is before the Court on Plaintiff David Weiner's ("Plaintiff") motion for reconsideration of this Court's order granting Defendant's motion for decertification (ECF No. 219). (ECF No. 220.) Defendants Ocwen Financial Corporation and Ocwen Loan Servicing, LLC (collectively, "Ocwen" or "Defendants") filed an opposition. (ECF No. 222.) Plaintiff filed a reply. (ECF No. 225.) For the reasons set forth below, Plaintiff's motion for reconsideration is GRANTED.

///
///
///
///

1

### I.  FACTUAL AND PROCEDURAL BACKGROUND[1]

This case arises from Plaintiff's allegations that his mortgage servicer, Ocwen Loan Servicing, LLC ("OLS"), and OLS's parent company, Ocwen Financial Corporation (collectively, "Ocwen"), improperly assessed default-related service fees that contained substantial, undisclosed mark-ups that violated the terms of Plaintiff's mortgage contract. Plaintiff further alleges that Ocwen misapplied his payments in violation of the terms of the applicable Deed of Trust.

Plaintiff initiated this class action alleging violations of: (1) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200–17210; (2) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 182 U.S.C. §§ 1962(c) and (d); and (3) the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"), Cal. Civ. Code §§ 1788–1788.33. (ECF No. 1.) Plaintiff also alleges state law claims for unjust enrichment, fraud, and breach of contract. (*Id.*)

On September 29, 2017, Judge England granted Plaintiff's Motion for Class Certification. (ECF No. 102.) The Court found that all four prerequisites of Federal Rule of Civil Procedure ("Rule") 23(a) and (b)(3) were met. Judge England certified three classes: (1) a Nationwide Class; (2) a California Paid Sub-Class; and (3) a California Assessed Sub-Class. (*Id.* at 13–14.)

On April 12, 2021, this case was reassigned to this Court. (ECF No. 190.) On September 20, 2021, Ocwen filed a motion for decertification (ECF No. 194), which the Court granted on August 3, 2022. (ECF No. 219). Plaintiff now moves for reconsideration of the Court's order granting decertification. (ECF No. 220.) Ocwen filed an opposition (ECF No. 222), and Plaintiff replied (ECF No. 225). For the reasons discussed below, the Court GRANTS Plaintiff's motions for reconsideration, VACATES its August 3, 2022, order, and DENIES Ocwen's motion for decertification.

///

---

[1] A full recitation of the facts can be found in this Court's August 3, 2022, order and Judge England's September 29, 2017, order. (ECF Nos. 220, 102.) This section contains an abridged factual background relevant to the instant motion.

## II.   STANDARD OF LAW

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the Court in rendering its decision. *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

## III.   ANALYSIS

Plaintiff argues the Court misinterpreted and thus misapplied the Supreme Court's decision in *TransUnion LLC v. Ramirez* resulting in a clearly erroneous grant of Ocwen's motion for class decertification. 141 S.Ct. 2190 (2022). Specifically, Plaintiff argues the Court incorrectly concluded that *TransUnion* modified the predominance inquiry under Federal Rule of Civil Procedure ("Rule") 23(b)(3) and erroneously found that because Plaintiff's class-wide evidence on damages was disputed, the Court would be required to engage in individualized inquiries as to class member standing that would predominate over common questions of law or fact. (ECF No. 220 at 5.) This holding, Plaintiff argues, conflates *TransUnion*'s discussion of Article III standing with Rule 23(b)(3)'s preponderance requirement. (*Id.*) Plaintiff points to the Ninth Circuit's en banc ruling in *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC* ("*Olean*") in arguing that a Plaintiff need not prove that all or nearly all class members were in fact injured to establish predominance. (*Id.* at 6 (citing *Olean*, 31 F.4th 651, 669 (9th Cir. 2022), *cert. denied sub nom. StarKist Co. v. Olean Wholesale Grocery Coop., Inc.*, 143 S. Ct. 424 (2022).) Plaintiff asserts that *Olean* confirms a plaintiff need only present competent class-wide evidence from which a jury *could* find that each class member was injured. (*Id.*)

3

1    Plaintiff goes on to argue *TransUnion* addressed the narrow question of Article III
2 standing at the damages phase of proceedings and has no meaningful effect on Judge England's
3 previous grant of class certification. Plaintiff asserts the Court improperly read *TransUnion* to
4 require Plaintiff to definitively establish, before trial, that every class member suffered Article III
5 injury. (*Id.* at 6–8.) Plaintiff further contends that the Court's holding implicitly and improperly
6 rejects the use of class wide evidence to determine standing at the certification stage in
7 contravention of the Ninth Circuit's decision in *Olean*. (*Id.* at 8–10.)
8    In opposition, Ocwen argues "[t]he Court correctly recognized that *TransUnion*'s
9 requirement that plaintiffs demonstrate Article III standing for each class member at trial meant it
10 must consider 'whether individualized inquiries about such matter would predominate over
11 common questions . . ..'" (ECF No. 222.) Ocwen asserts "[a]lthough *TransUnion* declined to
12 address how its holding applied to the Rule 23 certification process, the Ninth Circuit recently
13 held in *Olean* that *TransUnion*'s 'clarifi[cation]' of standing in the class action context meant a
14 court must 'determine whether individualized inquiries into this standing issue would
15 predominate over common questions' as part of its Rule 23(b)(3) analysis. . ..'" (*Id.* at 13)
16 (internal citations omitted). Ocwen argues *Olean* confirms that decertification was proper
17 because *Olean* requires that "plaintiffs must show that their evidence is 'capable of resolving a
18 class-wide question in one stroke'" and Plaintiff's evidence here cannot resolve class-wide
19 questions in one stroke. (*Id.* at 15 (citing *Olean*, 31 F.4th at 666).) In other words, Ocwen
20 contends the Court properly applied *Olean*, despite never citing it, in determining class
21 decertification was appropriate. (*Id.* at 15–17.)
22    As discussed in more detail below, the Court finds its August 3, 2022, order granting
23 Ocwen's motion for class decertification was premised on a clearly erroneous interpretation of
24 *TransUnion*. Accordingly, the Court GRANTS Plaintiff's motion for reconsideration and
25 DENIES Defendants motion for class decertification.
26 ///
27 ///
28 ///

4

A.  Motion for Reconsideration

In the Court's order granting Ocwen's motion for class decertification, the Court stated, "the crux of the inquiry in the instant matter is whether the Supreme Court's decisions in *TransUnion* changes Judge England's finding of predominance of common questions in his order certifying the class." (ECF No. 219 at 9.)  In answering this question, the Court interpreted *TransUnion* to require that Plaintiff demonstrate "every class member. . . suffered the alleged monetary harm in order to establish Article III standing to proceed before this Court." (*Id.* at 12.)  Based on this interpretation of *TransUnion*, the Court concluded "[b]ecause Plaintiff cannot definitively establish at this juncture that each class member in each of the three classes certified by Judge England has suffered this concrete harm, the Court finds that the questions of law and fact common to class members *does not* predominate over any questions affecting only individual members under Rule 23(b)(3)." (*Id.*) (internal quotations omitted) (emphasis in original).

This interpretation of *TranUnion* and the Court's resulting conclusion was in error.  The Court was correct that the issue in the class decertification motion was whether *TransUnion* changed Judge England's finding of predominance in his order certifying the class.  However, the Court improperly interpreted *TransUnion* in proceeding with its subsequent analysis.  In determining that "every class member must have suffered the alleged monetary harm in order to establish Article III standing to proceed before this Court," the Court misinterpreted the ultimate holding of *TransUnion*. (*Id.* at 12.)  *TransUnion*, as Plaintiff properly notes in their motion for reconsideration, did not require a showing that every class member suffered harm *before* proceeding at this stage.  Rather, as the Ninth Circuit noted in *Olean* the Supreme Court's decision in *TransUnion* "clarified '[e]very class member must have Article III standing in order to recover individual damages." 31 F.4th 651, 669.  In other words, *TransUnion* stands for the ultimate proposition that class members who cannot establish Article III standing cannot recover individual damages.

Contrary to this Court's previous holding, *TransUnion* does not require Plaintiff to "definitively establish at this juncture that each class member in each of the three classes certified by Judge England has suffered [] concrete harm." (ECF No. 196 at 12.)  Rather, "[t]he Supreme

5

1   Court expressly held open the question whether every class member must demonstrate standing
2   before a court certifies a class." *Olean*, 31 F.4th at 682 n. 32 (citing *TransUnion*, 141 S.Ct. at
3   2208 n.4) (internal quotations omitted) (emphasis omitted).  In *Olean*, the Ninth Circuit rejected
4   the argument that "plaintiffs must prove that all or nearly all class members were in fact injured"
5   at the certification stage.  *Id.* at 680.  At this stage the district court need only determine the
6   evidence is *capable* of showing "class members suffered . . . [harm] on a class-wide basis." *Id.* at
7   681.  Further, the court in *Olean* expressly rejected the argument that "Rule 23 does not permit
8   the certification of a class that potentially includes more than a de minimis number of uninjured
9   class members." *Id.* at 669.  Put affirmatively, a class containing more than a de minimis number
10  of uninjured class members may be certified pursuant to Rule 23.  *Id.*  Therefore, this Court's
11  previous order improperly held that Plaintiff was required to "establish at this juncture that each
12  class [member] . . . suffered [the alleged] concrete harm." (ECF No. 196 at 12.)
13         Ocwen, however, is correct that *TransUnion* does weigh on Rule 23.  Because individuals
14  in a class must have Article III standing to recover damages, *TransUnion* instructs courts to
15  determine "whether individualized inquiries into this standing issue would predominate over
16  common questions[.]"  *Id.*  Accordingly, the Court must determine whether such issues of
17  standing would be so pervasive as to "predominate" over the common questions of law or fact.
18  This, however, is not a novel practice.  *See Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1277
19  (11th Cir. 2019).  Prior to *TransUnion*, courts were required to determine whether questions of
20  law or fact common to class members predominate over any questions affecting individual
21  members.  *See* Fed. R. Civ. P. 23(b)(3).  As Article III standing constitutes a "question[] affecting
22  individual members" certifying courts, even before *TransUnion*, were required to weigh
23  determinations of class member standing against common questions of law or fact before granting
24  certification.  *See Lauderdale v. NFP Ret., Inc.*, No. 21-cv-301-JVS, 2022 WL 1599916, at *4
25  (C.D. Cal. Feb. 16, 2022) ("Nothing in TransUnion indicates that it changed settled Ninth Circuit
26  law regarding what it is required to demonstrate standing at the class certification stage.")  Thus,
27  *TransUnion* was not a sea change in a court's Rule 23(b)(3) predominance analysis and as such
28  *TransUnion* cannot be said to require reversal of Judge England's original certification.

1      Because this Court's previous order was premised upon an erroneous interpretation of
2 *TransUnion*, as outlined above, the Court GRANTS Plaintiff's motion for reconsideration (ECF
3 No. 220) and VACATES its prior order dated January 12, 2022 (ECF No. 219).

### B.      Motion for Decertification

Based on the Court's corrected reading of *TransUnion* and review of *Olean*, the Court denies Ocwen's motion for decertification. (ECF No. 194.) In the instant case, individualized inquiries into standing do not predominate over common questions. Judge England's class certification analysis is congruent with the dictates of *TransUnion* and remains undisturbed by *TransUnion*'s instruction regarding Rule 23. Judge England found "the fact that some borrowers may not have paid a valuation fee at all does not detract from the force of Plaintiff's class-related allegations." (ECF No. 102 at 8.) Judge England's finding is in line with *TransUnion* and *Olean*.

The Court's previous order made much of Judge England's finding at summary judgment that there is a disputed issue of fact as to whether all class members actually paid the fees in question.[2] The Court stated, "Judge England explained that Plaintiff asserts the 'paid' designation by Ocwen means 'actually sent by customer,' while Ocwen's expert contends 'just the opposite after examining Ocwen's testimony and Plaintiff's loan transaction records.'" (*Id.* at 11 (citing ECF No. 181 at 18).) The Court concluded this dispute of material fact gave rise to "individualized inquiries into whether all the class members actually paid the fees in question" and that these "individuated inquiries would predominate because there are several different categories of borrowers who suffered no concrete harm, and, in order for each borrower to remain in the class, Plaintiff will need to establish that each borrower does not fall into any of these categories." (*Id.* (internal quotations and citation omitted.) Pursuant to *Olean*, this is incorrect. *See Olean*, 31 F.4th at 681 (stating the district court need only determine the evidence is capable of showing "class members suffered . . . [harm] on a class-wide basis.") Judge England's order granting class certification clearly considered the possibility that some borrowers may not have

---

[2] The Court specifically stated, "whether all class members actually paid the fees in question — since they are uniformly marked as 'paid' from funds designated by Ocwen — is disputed and could not be resolved on summary judgment." (ECF No. 219 at 10–11 (citing ECF No. 181 at 17–18) (internal citations omitted).)

7

1  paid valuation fees, but nonetheless found that such individual determinations of payment do not
2  predominate over the common questions of law or fact.  (ECF No. 181.)  Further, Judge England
3  clearly considered Plaintiff's evidence and determined that it is capable of showing harm on a
4  class-wide basis.  (*Id.*)  *TransUnion* does not disturb these findings.

5       The Court's previous concern related to the dispute regarding the "paid" designation was
6  misplaced and premised on the Court's incorrect belief that *TransUnion* required a showing that
7  *all* class members have standing at the certification stage.  Understanding now that *TransUnion*
8  explicitly does not require such a showing, it is clear that Judge England's certification was not in
9  error.  Plaintiff's evidence regarding the "paid" designation is capable of showing class wide
10 harm and individual class members who are not entitled to damages — i.e., class members who
11 did not pay the valuation fee — may be weeded out at the claims phase, preventing any
12 individuals without standing from "recover[ing] individual damages" just as *TransUnion*
13 envisioned.  *TransUnion*, 141 S. Ct. at 2208.

14      Thus, the Supreme Court's holding in *TransUnion*, as confirmed by the Ninth Circuit's
15 subsequent en banc ruling in *Olean*, does not necessitate a reversal of Judge England's order
16 granting class certification.  The Court takes no position as to whether any subsequent motions on
17 this issue would be appropriate — but a thorough review of *TransUnion* and *Olean* make clear
18 that this Court's prior order was based on an improper reading of *TransUnion* resulting in an
19 erroneous grant of class decertification.  Accordingly, the Court's prior January 12, 2022, order is
20 VACATED and Ocwen's motion for class decertification is DENIED.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (ECF No. 220) is GRANTED, the Court's January 12, 2022, order (ECF No. 219) is VACATED, and Ocwen's motion for class decertification (ECF No. 194) is DENIED.

The parties are ordered to file an updated joint status report within sixty (60) days of the date of this order discussing their willingness to attend a settlement conference before a magistrate judge. Plaintiff's Motion to Compel Testimony (ECF No. 207) is hereby STAYED pending the receipt of the joint status report and further order of the Court.

IT IS SO ORDERED.

DATED: February 27, 2023

Troy L. Nunley
United States District Judge

9