UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WEINER, | No. 2:14-cv-02597-DJC-DB |
| Plaintiff, | |
| v. | ORDER |
| OCWEN FINANCIAL CORPORATION, et al., | |
| Defendants. | |

Plaintiff previously filed a Motion to Compel the Testimony of Defendants' Corporate Representatives. (ECF No. 207.) That motion has remained pending in this case since 2021, though it was stayed for a brief portion of that time. In it, Plaintiff requests that the Court permit Plaintiff to subpoena witnesses who are outside the typical subpoena power of the Court on the grounds that Federal Rule of Civil Procedure 43 expands the limits of the Court to subpoena power by permitting the usage of "contemporaneous transmission from a different location." (*Id.*)

Recently, Plaintiff notified the Court of the Ninth Circuit's recent decision in *In re Kirkland*, 75 F.4th 1030 (9th Cir. 2023). (ECF No. 233.) Plaintiff acknowledges that this decision had rejected the idea that the geographic limitations of Federal Rule of Evidence 45 were expanded by the proliferation of "remove video transmission" technology. (*Id.*) Plaintiff instead asks that the Court grant what was originally their

1

alternate requested relief and order Defendants to "promptly disclose the witnesses it may call live at trial" and also to make those same witnesses "available for live examination in Plaintiff's case-in-chief." (ECF No. 207 at 1; *see* ECF No. 233 at 1.)

Defendants oppose this as an "unprecedented and patently unfair alternative" and argue that the requested relief is not "contemplated or supported by the Federal Rules or applicable case law." (ECF No. 234 at 1.) They argue that ordering them to disclose and make those witnesses they may call for live testimony at trial violates Defendants' right to "formulate their trial strategy in response to plaintiffs' case-in-chief at trial, to elect not to call witnesses listed on their pretrial disclosures, and even to call witnesses not listed on those disclosures under certain circumstances." (*Id.*)

The Court first notes that under the local rules, parties are required to disclose a list of witnesses to be used at trial in their pre-trial statement. Local Rule 281(a)(10). While this rule does not require that parties differentiate live and deposition testimony witnesses, there is also nothing in the Federal Rules of Civil Procedure or case law that provide Defendants the right to hide whether they will present live testimony or deposition testimony. The Federal Rules of Civil Procedure permit the usage of deposition testimony only in limited circumstances and do not contemplate parties withholding this information. *See* Fed. R. Civ. P. 32(a). Based on the limited nature of Plaintiff's request and the fact that the request is specific to Defendants' current and former employees who are outside the Court's subpoena power, it also seems that Plaintiff is not seeking this information for tactical purposes but to know what witnesses can be made physically available to testify during Plaintiff's case-in-chief.

The second part of Plaintiff's request – that Defendants be required to make available for Plaintiff's case–in–chief any witness that Defendants plan to present for live in-person testimony – is undoubtedly the more important portion of the relief Plaintiff now seeks. While these witnesses are beyond the subpoena power of this court, Defendants do not deny that some if not all of these witnesses are within their effective control, as they are Defendants' current and former employees.

2

Presented with a similar situation, the Ninth Circuit characterized the actions of a defendant as "gamesmanship" when that defendant refused to produce individuals as live witnesses, forced a plaintiff to rely on deposition testimony in their case-in-chief, and then subsequently sought to call those same witnesses for live testimony. *R.B. Matthews, Inc. v. Transamerica Transp. Services, Inc.*, 945 F.2d 269 at 272–73 (9th Cir. 1991); *see also CGC Holding Company, LLC v. Hutchens*, No. 11–cv–01012–RBJ–KLM, 2016 WL 6778853, at *2–3 (D. Col. Nov. 16, 2016) (excluding live witness testimony from witnesses called by defendant if plaintiff was forced to use deposition testimony for those witnesses due to defendant's refusal to make them available to plaintiff); *Iorio v. Allianz Life Ins. Co. of North America*, No. 05-cv-633-JLS-CAB, 2009 WL 3415689, at *18 (S. D. Cal. Oct. 21, 2009) (same). Here, by refusing to inform Plaintiff of whom they may call by live testimony and further refusing to make those witnesses available, Plaintiff may be forced to utilize deposition testimony in their case-in-chief, raising the same concerns that were present in *R.B. Matthews, Inc*.

To avoid this result, the Court will provide Defendants with a choice as to how to proceed as to any witnesses on Defendants' witness list who are outside the subpoena power of this Court. Defendants may choose to proceed by live testimony or deposition testimony as to any witness outside this Court's subpoena power. However, for any witnesses that Defendants may call at trial by live testimony, Defendants must also make available to the Plaintiff for their case-in-chief. If Defendants choose not to make these witnesses available to Plaintiff, Defendants may still call them but will be limited to the use of deposition testimony. In general, there is a strong preference for live testimony but as these witnesses are plainly beyond this Court's subpoena power, the Court can only encourage that option.

In opposing Plaintiff's request, Defendants raised concerns about their right to formulate a trial strategy in response to Plaintiff's case-in-chief. Nothing in this order should be construed as undercutting or denying Defendants the ability to alter their trial strategy in response to Plaintiff's case-in-chief. Defendants are free to call or not

call whatever witnesses they so choose and to do so in any form that is appropriate under the Federal Rules of Civil Procedure. This order is only intended to ensure that all parties have an equal and fair opportunity to present evidence.

Defendants have also previously argued that Plaintiff's motion should be denied as it is Plaintiff's fault that this action is in a Court without subpoena power over these witnesses. (ECF No. 208 at 5.) Plaintiff brought this action in a proper venue as this is where the events at issue occurred. *See* 28 U.S.C. § 1391. That he did not bring this case in a location close to Defendants' corporate headquarters is not a basis for Plaintiff to be intentionally disadvantaged at trial by Defendants.

In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Testimony (ECF No. 207) is DENIED IN PART and GRANTED IN PART as to Plaintiff's request for Defendants to disclose which witnesses Defendants may call by live testimony at trial. On or before October 11, 2023, Defendants shall inform Plaintiff whether they would use live testimony or deposition testimony should they call any of Defendants' current or former employees who are outside the subpoena power of this Court and listed as witnesses in the Joint Pretrial Statement. Any witnesses Defendants may call to testify in person must also be made available for Plaintiff to call during their case-in-chief.

IT IS SO ORDERED.

Dated:  **October 3, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – weiner14cv02597.witnesstestimony