UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WEINER, individually, and on behalf of other members of the public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN FINANCIAL CORPORATION, a Florida corporation and OCWEN LOAN SERVICING, LLC, a Delaware limited liability company,<br><br>Defendants. | No. 2:14-cv-02597-DJC-DB<br><br>ORDER (1) GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT; AND (2) DIRECTING NOTICE TO THE SETTLEMENT CLASS |

Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Settlement and Direction of Notice Under Rule 23(e) (the "Motion").  Plaintiff David Weiner ("Plaintiff" or "Settlement Class Representative") and Defendants Ocwen Financial Corporation and Ocwen Loan Servicing, LLC, (collectively, "Defendants") (all together, the "Parties") have entered into a Class Action Settlement Agreement, dated December 15, 2023 (the "Settlement Agreement").

////

Having thoroughly reviewed the Settlement Agreement, including the proposed forms of class notice and other exhibits thereto, the Motion, and the papers and arguments in connection therewith, THE COURT HEREBY FINDS, CONCLUDES, AND ORDERS THE FOLLOWING:

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and has personal jurisdiction over the Parties and the Settlement Class Members.  Venue is proper in this District.

2. The Motion is GRANTED.

3. Scope of Settlement.  The Settlement Agreement resolves all Released Claims against Defendants, and each of their future, present and former direct and indirect parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the future, present and former directors, officers, employees, managers, servants, principals, agents, insurers, reinsurers, shareholders, investors, trustees, attorneys, advisors, consultants, representatives, partners, joint venturers, divisions, predecessors, successors, assigns, and agents thereof ("Settlement Class Releasees") from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of Final Approval, which are included in or relate to the Action  ("Settlement Class Released Claims").

4. The Court hereby provisionally certifies, for settlement purposes only, a "Settlement Class," pursuant to Rules 23(b)(3) and 23(e), consisting of:

    a.    <u>Nationwide Settlement Class</u>: All residents of the United States of America who have or had a loan serviced by Ocwen Financial Corporation or Ocwen Loan Servicing LLC (together, "Ocwen") and who paid for one or more Broker Price Opinions ("BPOs") or Hybrid Valuations ("Hybrids") charged by Ocwen through Altisource, from November 5, 2010 through September 29, 2017, the date of the class certification order in this action.

    b.    <u>California Settlement Sub-Class</u>: All residents of the State of California who have a loan serviced by Ocwen and to whom charges for one or more BPOs or Hybrids were assessed to their mortgage account by Ocwen through Altisource, from November 5, 2010 through September 29, 2017.

The following entities and individuals are excluded from the Settlement Class:

    a.    Defendants' officers, directors, and employees; Defendants' affiliates and affiliates' officers, directors, and employees; Defendants' distributors and distributors' officers, directors and employees; Released Parties;

    b.    Judicial officers and their immediate family members and associated court staff assigned to this case; and

    c.    All those otherwise in the Settlement Class who or which timely and properly exclude themselves from the Settlement Class as provided in the Settlement Agreement.

5.    The Court hereby preliminarily approves the Settlement Agreement and the terms embodied therein pursuant to Rule 23(e).  In connection therewith, the Court finds as follows:

    a.    the Court will likely approve the Settlement Agreement under Rule 23(e)(2) and be likely to certify the Settlement Class for purposes of judgment on the proposed Settlement;

    b.    the Settlement is sufficiently fair, reasonable, and adequate as to the

        Settlement Class Members under the relevant considerations to warrant sending notice of the Settlement to the Settlement Class;

    c.    the proposed Settlement Class Representative and proposed Settlement Class Counsel have adequately represented, and will continue to adequately represent, the Settlement Class;

    d.    the Settlement Agreement is the product of arm's length negotiations by the Parties, and comes after adequate investigation of the facts and legal issues;

    e.    the relief provided to the Settlement Class is adequate considering, among other things, the costs, risks, and delay of trial and appeal and the proposed method of distributing compensation to the Settlement Class;

    f.    the Settlement Agreement treats the Settlement Class Members equitably relative to one another; and

    g.    the Court will fully assess any request for Settlement Class Counsel attorneys' fees and costs after receiving a motion from proposed Settlement Class Representative and Settlement Class Counsel supporting such request.

6. The Court further finds that, for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3).  Specifically, the Court finds, for settlement purposes only, that: (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are questions of law and fact common to Settlement Class Members; (3) the proposed Settlement Class Representative's claims are typical of those of the Settlement Class Members; (4) the proposed Settlement Class Representative and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement

1 | Class Members; and (5) the predominance and superiority requirements of Rule 23(b)(3) are satisfied.

7. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect, and the Parties preserve all rights and defenses regarding class certification in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

8. The Court hereby appoints Plaintiff as Settlement Class Representative to represent the Settlement Class.

9. The Court hereby appoints Baron & Budd, P.C. as Settlement Class Counsel for the Settlement Class.

10. The Court hereby appoints JND Legal Administration as Settlement Administrator and directs it to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement and herein.

### Notice Program

11. Pursuant to Rule 23(e)(1) and Rules 23(c)(2)(A) and 23(c)(2)(B), the Court approves the proposed Notice program set forth in the Motion. The Court finds that the proposed Notice program meets the requirements of due process under the U.S. Constitution and Rule 23; and that such Notice program, which includes direct notice to Settlement Class Members via e-mail and/or mail to the extent practicable, the establishment of a settlement website, the establishment of a toll-free telephone helpline, and notice provided via internet search platforms and other online advertisements, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

12. The Court further finds that the proposed form and content of the Notice are adequate and will give the Settlement Class Members sufficient information to

enable them to make informed decisions as to the Settlement Class, the right to object or opt out, and the proposed Settlement and its terms. The Court finds that the Notice clearly and concisely states in plain, easily understood language, among other things: (i) the nature of the Action; (ii) the definition of the Settlement Class; (iii) the class claims and issues; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Settlement Class Member must submit a timely claim via a valid claim form to be eligible to receive compensation under the Settlement; (vi) the time and manner for submitting a claim form; (vii) that the Court will exclude from the Settlement Class any member who timely and validly requests exclusion; (viii) the time and manner for requesting exclusion; and (ix) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3). The Parties may make non-material changes to the proposed Notice program, including the form and content of the Notice, without seeking further approval of the Court.

13. The Court directs the Settlement Administrator and the Parties to implement the Notice program as set forth in the Settlement Agreement as soon as practicable after entry of this Preliminary Approval Order.

14. All reasonable and necessary costs incurred by the Settlement Administrator will be paid by Defendants consistent with the terms of the Settlement Agreement.

15. In connection with the Motion for Final Approval, the Settlement Administrator shall supply to Settlement Class Counsel a declaration to be filed with the Court that: (i) identifies those persons who have timely and validly opted out of the Settlement, and (ii) details the scope, method, and results of the Settlement Class Notice Program.

////

////

**Opt-Out and Objection Procedures**

16. Settlement Class Members may exclude themselves from the Settlement Class by personally signing (electronic signatures, including DocuSign, are invalid and will not be considered personal signatures) and sending a written request to opt out stating "I wish to exclude myself from the Settlement Class in *David Weiner v. Ocwen Financial Corporation, et al.*, No. 2:14-cv-02597-DJC-DB (E.D. Cal.)" (or substantially similar clear and unambiguous language) to the Settlement Administrator that is postmarked or emailed to the address provided in the Notice or on the Settlement Website no later than the Opt-Out Deadline. The Settlement Class Member must either: (i) mail the signed written request to an address provided by the Settlement Administrator; or (ii) e-mail a complete and legible scanned copy or photograph of the signed written request to an e-mail address provided by the Settlement Administrator. For the opt-out to be valid, that written request must include all information specified in the Class Notice, including: (a) the name and address of the potential Settlement Class Member requesting exclusion; (b) the loan number and address of the property bringing the Class Member within the scope of the Class; (c) the personal signature of the potential Settlement Class Member requesting exclusion; and (d) a statement that reasonably indicates a desire to be excluded from the Settlement. A potential member of the Settlement Class may opt out of the Class only on an individual basis; so-called "mass" or "class" opt-outs shall not be allowed and shall be of no force or effect. Any potential member of the Settlement Class who properly opts out of the Settlement Class shall: (a) not be bound by any orders or judgments relating to the Settlement; (b) not be entitled to relief under, or be affected by, the Agreement; (c) not gain any rights by virtue of the Agreement; and (d) not be entitled to object to any aspect of the Settlement.

17. The Settlement Administrator will provide copies of all opt-out requests to

Settlement Class Counsel and Defendants' Counsel within ten (10) days of the receipt of each such request.  The Settlement Administrator and the Parties shall promptly after receipt provide copies of any requests for exclusion, objections and/or related correspondence to each other.

18. Upon the Settlement Administrator's receipt of a timely and valid exclusion request, the Settlement Class Member shall be deemed excluded from the Settlement Class and shall not be entitled to any benefits of this Settlement.  A Settlement Class Member may request to be excluded from the Settlement only on the Settlement Class Member's own behalf; a Settlement Class Member may not request that other Settlement Class Members (or a group or subclass of Settlement Cass Members) be excluded from the settlement.

19. Any Settlement Class Member who has not submitted a written request to opt out as set forth herein may present written objections, if any, explaining why he or she believes the Settlement Agreement should not be approved by the Court as fair, reasonable, and adequate.

20. To be considered valid, an objection must be in writing, must be delivered to Settlement Class Counsel and to Defense Counsel and filed with the Court, must be postmarked or filed no later than 120 days after entry of this Preliminary Approval Order (the "Objection Deadline"), and must include the following: (a) a detailed statement of the Settlement Class Member's objection(s), as well as the specific reasons, if any, for each such objection, including all evidence, argument, and legal authority the Settlement Class Member wishes to bring to the Court's attention; (b) the case name, *David Weiner v. Ocwen Financial Corporation, et al.*, No. 2:14-cv-02597-DJC-DB (E.D. Cal.) (or substantially similar clear and unambiguous language); (c) the Class Member's full name, current address, and telephone number; (d) the loan number and address of the property bringing the Class Member within the scope of the Class; (e) state that the Class Member objects to the Settlement, in

whole or in part; (f) state whether the objection applies only to the objector or to the entire Settlement Class; (g) state with specificity the grounds for the objection; (h) provide copies of any documents that the Class Member wishes to submit in support of his or her position; (i) state whether the Class Member intends to appear at the Final Approval hearing; and (j) state whether the Class Member will be represented by separate counsel.

21. A Settlement Class Member may object on his or her own behalf or through a lawyer hired at that Settlement Class Member's own expense, provided the Settlement Class Member has not submitted a written request to opt out, as set forth in the Settlement Agreement. Settlement Class Members objecting through counsel must include in their written statement of objection(s) the items set forth in the previous section and: the number of times the objecting Settlement Class Member has objected to a class action settlement within the five years preceding the date of the objection, the caption of each case in which the objecting Settlement Class Member has made such objection, and a statement of the nature of the objection. Lawyers asserting objections on behalf of Settlement Class Members must: (1) file a notice of appearance with the Court by the Objection Deadline, or as the Court otherwise may direct; (2) file a sworn declaration attesting to his or her representation of each Class Member on whose behalf the objection is being filed or file (in camera) a copy of the contract between that lawyer and each such Class Member, and specify the number of times during the prior five-year period that the lawyer or their law firm has objected to a class action settlement; (3) disclose any agreement, formal or informal, with other attorneys or law firms regarding the objection; and (4) comply with the procedures described in this Order and the Settlement Agreement.

22. Settlement Class Counsel or Defendants' Counsel may notice the deposition of an objecting Settlement Class Member and/or seek the production of

documents and tangible things relevant to the objections on an expedited basis, including agreements (formal or informal) between the objector's counsel and other attorneys related to the objection. Any objections to the scope of a deposition notice or a request to produce documents or other tangible things issued or served in connection with this provision shall be brought before the Court for resolution on an expedited basis.

23. Unless the Court directs otherwise, any Settlement Class Member who fails to comply with the provisions of this Order shall waive and forfeit any and all rights he, she, or it may have to object to the Settlement Agreement and/or to appear and be heard on said objection at the Fairness Hearing. Failure to object waives a Settlement Class Member's right to appeal the Final Approval Order.

24. Not fewer than thirty (30) days prior to the Objection and Opt-Out Deadline, Settlement Class Counsel shall file a motion or motions for Final Approval of the Settlement Agreement and for Attorney's Fees and Costs for work performed in connection with the Action.

### Fairness Hearing

25. The Court will hold a Fairness Hearing 150 days after entry of this Preliminary Approval Order in the United States District Court for the Eastern District of California, Robert T. Matsui United States Courthouse, Courtroom Room 10, 13th floor. The purpose of the Fairness Hearing will be to determine whether to finally approve the Settlement Agreement as fair, reasonable, and adequate pursuant to Rule 23(e). If the Court subsequently determines that the Fairness Hearing should not occur in-person but rather through remote means, the Court will issue a subsequent order.

26. Any Class Member who wishes to appear at the Final Approval hearing, whether *pro se* or through counsel, must file a Notice of Appearance in this case, take all other actions or make any additional filings as may be required in the Class Notice or as otherwise ordered by the Court, and serve the Notice of

|     |     |
| --- | --- |
| 1   | Appearance and Notice of Intention to Appear upon Class Counsel and |
| 2   | counsel for the Defendants by the Objection and Opt-Out Deadline, if the |
| 3   | Court does not set another date.  The Notice of Intention to Appear must |
| 4   | include the Settlement Class Member's full name, address, and telephone |
| 5   | number, as well as any copies of any papers, exhibits, or other evidence that |
| 6   | the objecting Settlement Class Member will present to the Court in connection |
| 7   | with the Final Approval Hearing.  Any Settlement Class Member who does not |
| 8   | file a Notice of Intention to Appear in accordance with the deadlines and other |
| 9   | specifications set forth in the Agreement and Class Notice shall not be entitled |
| 10  | to appear at the Final Approval Hearing or raise any objections. |

27. Defense Counsel and Settlement Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members.  Defense Counsel and Settlement Class Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Final Approval Hearing.

28. The Court may, in its discretion, modify the date, time, and/or location of the Fairness Hearing.  In the event the Court changes the date, time, and/or location of the Fairness Hearing, the new date and time shall be posted on the Settlement Website.

29. If the Court for any reason does not enter the proposed Final Approval Order or Judgment, or if the terms set forth in either (with the exception of any provision relating to the Settlement Class Counsel Attorneys' Fees and Costs) are materially modified, reversed, or set aside on further judicial review, or if for any other reason the Settlement does not become final, or if the Court or a

reviewing court takes any action to expand, impair, or reduce the scope or effectiveness of the Releases set forth in Section III of the Settlement Agreement or to impose greater financial or other burdens on Defendants than those contemplated in the Settlement Agreement, then either Party shall have the option of terminating the Settlement Agreement.  Defendants and Settlement Class Counsel shall also have the right to terminate the Settlement Agreement if the number of timely and valid opt-outs exceeds the threshold set forth in Section V-A of the Settlement Agreement.

30. Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, all proceedings in the Action are hereby stayed and suspended until further order of this Court.

31. This Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not constitute, be described as, construed as, offered, or received against Defendants or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by any plaintiff in the Action; (b) any liability, negligence, fault, or wrongdoing of Defendants or the Released Parties; or (c) that this or any other action may be properly certified as a class action for litigation, non-settlement purposes.

32. The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

33. The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class Members.  Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Preliminary Approval Order.

34. The following chart summarizes the dates and deadlines set by this Preliminary Approval Order:

| Date | Event |
|---|---|
| 30 days after entry of Preliminary Approval Order | Settlement Class Notice Program begins |
| 60 days after entry of Preliminary Approval Order | Substantial Completion of Direct Notice Component of Settlement Class Notice Program |
| 75 days after entry of Preliminary Approval Order | Motion(s) for Final Approval and Attorneys' Fees and Expenses |
| 105 days after entry of Preliminary Approval Order | Objection and Opt-Out Deadline |
| 130 days after entry of Preliminary Approval Order | Reply Memoranda in Support of Final Approval and Fee/Expense Motion(s) |
| 150 days after entry of Preliminary Approval Order | Fairness Hearing |
| 18 months after entry of Preliminary Approval Order | Settlement Claims Deadline |

35. This Order shall be of no force and effect if the Settlement does not become Final.  This Order shall not be offered by any person as evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases, or this Order.  Neither shall this Order be offered by any person or received against any of the Released Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties of:

////

a. the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in this action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in this action or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

b. any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or any other wrongdoing by any of the Released Parties; or

c. any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding by any of the Released Parties.

36. The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

**IT IS SO ORDERED.**

IT IS SO ORDERED.

Dated: __March 28, 2024__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE